Sarah Levitan, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 21,888.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed February 9, 1917.

## Statement of the Case.

Action by Sarah Levitan, plaintiff, against Chicago City Railway Company, Chesapeake & Ohio Railroad Company, Chicago & Western Indiana Railroad Company and Calumet & South Chicago Railway Company, defendants, to recover damages for injuries sustained in a collision between a street car and a train of the Chesapeake & Ohio Railroad Company at a grade crossing. The action was dismissed as to the Chesapeake & Ohio Railroad Company and a verdict of not guilty was rendered as to the Calumet & South Chicago Railway Company. From a verdict of guilty and judgment against the remaining defendant and assessment of damages at $10,000, the Chicago City Railway Company appeals.

It was urged by defendant that the trial court erred in giving the following instruction:

"The plaintiff is not bound to prove her case beyond a reasonable doubt, but is only bound to prove it by the preponderance of the evidence. The court instructs the jury that while, as a matter of law, the burden of proof is upon the plaintiff, and it is for her to prove her case by a preponderance of the evidence, still if the jury find that the evidence bearing upon the plaintiff's case preponderates in her favor, although but slightly, it would be sufficient for the jury to find the issues in her favor."

It was also urged that the court erred in giving the following instruction as to the measure of damages:

"If from the evidence and under the instructions of the court the jury find for the plaintiff then the jury will be required to determine the amount of her damages. In determining the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have a right to, and they should take into consideration all the facts and circumstances as shown by the evidence before them, the nature and extent of plaintiff's physical injuries, if any, so far as the same are shown by the evidence to be the direct result of the alleged accident, her suffering, if any, resulting from such physical injuries, if any, and such future suffering, if any, as the jury may believe from the evidence she has sustained or will sustain by reason of such injuries; her loss of time and inability to work, if any, on account of such injuries, and the jury may find for her such sum as they believe from the evidence and under the instructions of the court will be fair compensation for such injuries, if any, so far as such damages and injuries, if any, are alleged in the declaration and proved on the trial, and it is not necessary that any witness should express an opinion as to the amount of such damages."

This case arose out of the same occurrence as the case of *Kittier v. Chicago & W. I. R. Co., ante,* p. 439.

FRANKLIN B. HUSSEY and CHARLES LE ROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

EDWARD J. GREEN and A. H. RANES, for appellee; HARRY F. BREWER, of counsel.

MR. JUSTICE MCGOORTY delivered the opinion of the court.

### Abstract of the Decision.

1. INSTRUCTIONS, § 87*—*when instruction on preponderance of evidence is not erroneous.* In an action to recover damages for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Levitan v. Chicago City Ry. Co., 203 Ill. App. 441.

personal injuries, an instruction that the burden is upon the plaintiff to prove his case by a preponderance of the evidence and that if the jury find the evidence bearing on "plaintiff's case" preponderates in his favor even slightly it would be sufficient to find the issues in his favor, *held* not objectionable as leaving the jury to determine what constitutes "plaintiff's case," regardless of whether that case was alleged in the declaration or not.

2. DAMAGES, § 207*—*when instruction as to manner of arriving at verdict is erroneous.* In an action to recover damages for personal injuries, an instruction as to measure of damages which instructed the jury to consider "all of the facts and circumstances as shown by the evidence," *held* objectionable, and the giving of same reversible error where the damages found were very high and apparently excessive.

3. DAMAGES, § 24*—*what is measure of for loss of time because of injuries.* In an action to recover damages for personal injuries, the extent of recovery for loss of time on account of the injuries would be the value of the person's services in the conduct of the business then engaged in.

4. DAMAGES, § 207*—*when instruction as to non-necessity of any witness expressing an opinion as to the amount of, is erroneous.* In an action to recover damages for personal injuries, in the absence of specific evidence as to the value of services during the time lost due to disability, it is misleading and prejudicial to instruct the jury that it is not necessary "that any witness should express an opinion as to the amount of such damages."

5. INSTRUCTIONS—*when instruction directing a verdict is erroneous.* An instruction which directs a verdict as to one defendant but prefaces same with conditions as to a codefendant having no connection with the directed verdict is objectionable.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.