Leona Burke, Appellee, v. Leon Zwick, Appellant.

Opinion filed March 13, 1939.

WARFORD & FRANKLIN, of Marion, for appellant.

D. L. DUTY, of Marion, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Plaintiff, Leona Burke, brought suit against Leon Zwick, defendant, in the circuit court of Williamson county to recover for injuries sustained, as she alleged, from being struck by an automobile owned and driven by defendant. There was a trial by jury, a verdict for plaintiff in the sum of $5,750, upon which judgment was rendered, and to reverse which this appeal has been taken.

The proof bearing upon the matter of liability was conflicting, and as we view the matter was close upon the question of liability. Where such is true it is essential that there be no serious error in the ruling of the

trial court upon matters of evidence, and that the jury be accurately instructed as to the law of the case; *Franks v. Matson,* 211 Ill. 338; *Monroe v. Wear,* 276 Ill. App. 570.

Defendant complains of the court's ruling in one matter of evidence. It appears that the chief of police of the city of Herrin was called to impeach the testimony of Thomas Triplett, a witness for plaintiff. After he had stated that the general reputation of Triplett for truth and veracity was bad, he was asked the further question whether or not from that reputation he would believe him under oath. The court sustained plaintiff's objection, and the ruling is assigned as error.

Where a witness has testified that another bears a generally bad reputation for truth, he may be asked whether from such reputation he would believe such person under oath; *Laclede Bank v. Keeler,* 109 Ill. 385; *Eason v. Chapman,* 21 Ill. 33.

We do not, however, think that plaintiff can, upon this record, complain of such ruling. It further appears that upon cross-examination the witness stated that he was giving his own private opinion, whereupon the court, at the request of plaintiff, properly instructed the jury to disregard the evidence. This amounted to striking it from the record in its entirety. The witness, upon redirect examination, stated that he did not comprehend the question, and that what he wished to be understood as saying was that his opinion was based upon the common speech of the people who lived in the community with Triplett. He was not, however, again asked whether he would believe him under oath from such reputation, hence the question is not properly presented for review.

It is urged that certain of plaintiff's given instructions were erroneous.

Instruction No. 4 was: ''Every sane person must, under the law, be held liable for all those consequences which flow naturally or directly from his acts or omissions to act which might have reasonably been foreseen or expected, as a result of his acts or omissions to act, when such acts or omissions to act are unlawful.''

The instruction is an abstract legal proposition. The practice of giving such has been repeatedly disapproved by the courts of this State because of the tendency of such charge, not made applicable to the evidence, to mislead the jury; *Mayer v. Springer,* 192 Ill. 270; *Smith v. Illinois Power Co.,* 279 Ill. App. 505. As said in *Mayer v. Springer, supra:* ''It is the duty of the court to give to the jury, in its instructions, rules of law which are applicable to the evidence in the case, and to make the application so that the jury may understand the relation of the rules to the evidence.''

Here the complaint charged defendant with violation of at least two statutory provisions governing automobile traffic. No doubt such was argued to the jury, who, attempting to apply the instruction to the evidence, would likely gather the impression that the court was of the opinion that defendant had violated the statute, and be misled thereby. Under such circumstances its giving was error; *Garvey v. Chicago. Rys. Co.,* 339 Ill. 276; *Williams v. Stearns,* 256 Ill. App. 425.

Instruction No. 5, given at plaintiff's instance, relating to the measure of damages, told the jury that they might consider ''all the facts and circumstances bearing upon the question of damages,'' also certain enumerated items of damage, and then directed them: ''and from all these things, together with all the other evidence and facts and circumstances in evidence, you are to determine the amount of damages which the plaintiff is entitled to recover, if any.''

An instruction on the amount of damages should limit the jury to a consideration of the evidence which bears upon such question, and not proof relating to some other branch of the case. Here they were directed to consider the evidence relating to such question, also specific items which amount to damage, and in addition were peremptorily ordered to take into account all the other evidence in the case, that which regarded the matter of liability as well as to the amount of injury. Instructions such as this have been repeatedly condemned; *Garvey v. Chicago Rys. Co., supra; Levitan v. Chicago City Ry. Co.,* 203 Ill. App. 441. The instruction was erroneously given.

Plaintiff's given instruction No. 8 was a copy of a part of a statutory section of the Motor Vehicles Act, and was as follows: "You are instructed that the statutes of this State provide as follows: 'Every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding a horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon any roadway.'" This is an abstract legal proposition, not by its terms made applicable to the facts, and as such is liable to confuse the jury; *Williams v. Stearns, supra; City of Chicago v. Sutton,* 136 Ill. App. 221. We think it should have been refused.

With the evidence close upon the essential questions involved, we are of opinion that the giving of such instructions constituted such error as to necessitate a reversal of the judgment.

Plaintiff's given instruction No. 10 is also criticised. We do not think it was a proper charge, and inasmuch as the cause will be remanded we shall here state our views in respect thereto. In the instruction three charges of negligence are made against defendant, as being the direct cause of her injuries; first, that he

was driving at a rate of speed greater than was reasonable and proper; second, that he failed and neglected to keep a proper lookout for pedestrians; third, that he failed to give warning of his approach, when necessary, by sounding a horn or otherwise; and that if the jury believe from the greater weight of the evidence that plaintiff has proven all or either one of these charges, and that at and just prior to the accident she was in the exercise of due care for her own safety, then the verdict should be for the plaintiff.

It is thus seen that three charges of negligence are alleged against defendant and specifically enumerated. The acts or omissions complained of, or at least a part of them, are violations of the Motor Vehicles Act, and the effect of the charge is to direct the jury that if they, or any one of them, are proven, such statutory violation would *per se* amount to negligence. Such is not the law of this State.

In *Brackett v. Builders Lumber Co.*, 253 Ill. App. 107, where a similar direction was given, the court said: "The mere failure to perform a statutory duty would not necessarily be negligent; failure to perform a statutory duty may be negligence if the circumstances under which the failure to observe the statute indicate a neglect of the duty; but mere failure to perform a statutory duty may not be negligence."

In *Miller v. Burch,* 254 Ill. App. 387, a motor vehicle accident case, the court held: "Whatever the rule in other States may be, the rule supported by the weight of authority in Illinois is that the violation of an ordinance or a statute by acts, either of commission or omission, is only prima facie evidence of negligence."

For which reasons the judgment is reversed and the cause remanded.

*Reversed and remanded.*