Arlie Stivers, Appellant, v. Black and Company, Appellee.

Gen. No. 9,318.

October term, 1941.    Heard in this court at the
Opinion filed May 20, 1942.

JOSEPH L. MOORE, of Springfield, for appellant.

GIFFIN, WINNING, LINDNER, NEWKIRK & JONES, of Springfield, for appellee; LOGAN GIFFIN and ROBERT BRUNSMAN, both of Springfield, of counsel.

MR. JUSTICE RIESS delivered the opinion of the court.

Plaintiff appellant, Arlie Stivers, filed suit against Defendant Appellee, Black and Company, a corporation, in the circuit court of Sangamon county, Illinois, seeking recovery of damages alleged to have been sustained through the negligence of the defendant's truck driver Andrew Gehrken, in striking and seriously injuring the plaintiff, a pedestrian, while crossing North Main street in an easterly direction with due care and caution for his own safety on a certain crosswalk located on the northerly intersecting line

of Main and Green streets in the City of Decatur. Upon trial by jury, a verdict of not guilty was returned in favor of the defendant; plaintiff's motion to set aside the verdict and grant a new trial was denied and judgment in bar of suit was entered against the plaintiff, from which judgment this appeal was taken.

The complaint charged that defendant's truck was proceeding in a southerly direction at a speed of 45 miles per hour and failed to yield the right of way on the crosswalk to the plaintiff who was then passing over the same, in violation of the provisions of sec. 171, ch. 95½, of the Ill. Rev. Stat. [Jones Ill. Stats. Ann. 85.203], and thereby negligently struck and injured the plaintiff while so operating the truck on the left side of the highway in a negligent and unlawful manner. The defendant joined issue by denying the operation of the truck by its employee at a high and reckless rate of speed as alleged; or that it unlawfully drove on the left side of the street or failed to yield the right of way to the plaintiff as a pedestrian crossing at a crosswalk with due care and caution; or that the injury was due to any negligence on the part of the defendant, but averred that the injury complained of, if any, was due to plaintiff's own negligence while crossing in traffic and walking into the side of the defendant's passing truck. Plaintiff has assigned prejudicial error on the part of the trial court in denying his motion for a new trial on the ground that the verdict was contrary to the manifest weight of the evidence, and that the court had erroneously refused to give certain indicated instructions tendered by the plaintiff and had given certain prejudicial instructions on behalf of the defendant.

It appeared from the evidence that North Main street in the City of Decatur was also the route of a State and Federal improved concrete highway; that as plaintiff stepped off the curb, he noticed an on-

coming car about 250 feet north of him; that when at the center of the street, he saw defendant's truck coming south around the left side of another truck at a speed estimated at 45 miles per hour, which struck him at a point 10 or 15 feet from the east curb towards which he was advancing; that no warning signal was given by the defendant's truck driver. Defendant's testimony tended to show that the truck driver, driving 20 to 25 miles per hour, blew the horn and swerved to the left and the plaintiff walked east between two other cars and was seen coming from in front of one of them by the driver of the truck when 10 feet distant, when the driver swerved to the left and heard a thud near the rear of his truck and thereupon stopped on the intersection and returned where he found the injured plaintiff on the highway. Both plaintiff and the truck driver were corroborated in their respective contentions by certain other witnesses.

In view of the conflict in the testimony, plaintiff contends that accurate instructions should have been given to the jury and insists that the verdict was contrary to the manifest weight of the evidence. While the testimony as to what occurred at and immediately before the defendant was injured was conflicting, we do not deem the verdict to have been contrary to the manifest weight of the evidence. It, therefore, only remains for us to determine whether or not the instructions fairly and substantially stated the law upon the issues joined and submitted to the jury in a manner as not to be prejudicial to the plaintiff as contended by him.

Plaintiff insists that the trial court erred in its refusal to give the jury its instructions numbered 13, 14 and 16. Instruction No. 13 gave the language of sec. 111 of ch. 95½ of Ill. Rev. Stat. [Jones Ill. Stats. Ann. 85.143], defining a crosswalk, which instruction, by its terms, was abstract in form and was not made applicable to the facts, and was, therefore, properly re-

fused as tending to confuse the jury. *Burke v. Zwick,* 299 Ill. App. 558, 562, 20 N. E. (2d) 912; *Williams v. Stearns,* 256 Ill. App. 425.

Plaintiff's refused instruction No. 14 quotes the language of paragraphs A and B of sec. 171, ch. 95½, of Ill. Rev. Stat. [Jones Ill. Stats. Ann. 85.203], reciting various duties of motor vehicle drivers upon approaching crosswalks, including slowing down, stopping or passing, yielding the right of way to pedestrians upon marked or unmarked crosswalks at intersections, and in approaching or passing other stopped vehicles at any such crosswalks. The instruction then directs a verdict if the jury believes that the driver of the truck ''disregarded the provisions of the above Statute, and that as a direct and proximate result of said disregard the plaintiff was injured, etc.,'' and concludes that if the jury find that the ''plaintiff was exercising due care and caution for his own safety, then you are instructed to find the defendant guilty.'' This instruction makes no reference to the particular charges of alleged negligence in the complaint, but directs in effect that a disregard of any of the provisions of said statute is negligence *per se* and that a verdict be returned for plaintiff. An instruction which directs a verdict and authorizes recovery generally, without limiting negligence to that charged in the complaint or reference thereto, is reversible error. *Rasmussen v. Wiley,* 312 Ill. App. 404, 408 and citations, 39 N. E. (2d) 57. This court has also repeatedly held that the mere failure to perform a statutory duty would not constitute negligence *per se*; that failure to perform a statutory duty may be negligence if the circumstances under which the failure to observe the statute indicate any neglect of duty, but that mere failure to perform a statutory duty may not be negligence. *Brackett v. Builders Lumber Co. of Decatur,* 253 Ill. App. 107, 112; *Burke v. Zwick, supra.* The rule, supported by the weight of

authority in Illinois is that the violation of an ordinance or a statute, by acts, either of commission or omission, is only prima facia evidence of negligence. *Miller v. Burch*, 254 Ill. App. 387.

Plaintiff's refused instruction No. 16 stated in substance that if the driver of defendant's truck, "by using his faculties with ordinary and reasonable care in looking out for danger, could have avoided the accident, if any, and that he negligently failed to do so, and that such negligence on his part, if any, as shown by the evidence, was the proximate cause of the injury, then you should find the defendant guilty, provided such negligence is alleged in the complaint, or some count thereof, as explained in these instructions, and proved by a preponderance of the evidence and that plaintiff was exercising reasonable care and caution for his own safety." This instruction leaves it to the jury to determine what charges of negligence are set forth in the complaint or some count thereof, although the complaint does not go to the jury, nor do any other instructions set forth the charges alleged in the counts of the complaint, and then directs the jury to return a verdict for the plaintiff without undertaking to set forth the material allegations of any count. It has been frequently held by our courts of review that it is, the province of the court to define the issues to the jury in the instructions without referring the jury to the pleadings to ascertain what they are. *Bernier v. Illinois Central R. Co.*, 296 Ill. 464, 472, 129 N. E. 747; *McFarlane v. Chicago City Ry. Co.*, 288 Ill. 476, 123 N. E. 638; *Randall Dairy Co. v. Pevely Dairy Co.*, 274 Ill. App. 474, 486.

The trial court committed no error in its refusal to give plaintiff's instructions Nos. 13, 14 and 16 in the form in which they were submitted. Furthermore, a party cannot complain that the court has not given an instruction containing a correct statement of the law and applying same to facts in evidence, unless a

proper instruction or instructions have been prepared and tendered by the party for that purpose. *Osgood v. Skinner*, 211 Ill. 229, 240, 241, 71 N. E. 869; *Drury v. Connell*, 177 Ill. 43, 52 N. E. 368; *Potter v. Chicago M. & St. P. Ry. Co.*, 208 Ill. App. 363, 374.

Plaintiff further contends that instructions numbered 3, 6 and 12 given on behalf of defendant, were erroneous and prejudicial.

Instruction No. 3 is a stock form of instruction frequently given in negligence cases and in this instance it tells the jury that before the plaintiff can recover, he must prove, by a preponderance or greater weight of the evidence:

1. That the defendant by its agent or servant was guilty of negligently operating its truck at the time and upon the occasion of the collision involved;
2. That such negligence, if any, was the proximate cause of the injury to the plaintiff, if any be proved;
3. That at the time and upon the occasion of such collision, the plaintiff was in the exercise of due care and caution for his own safety as set forth and defined in the instructions, and unless the plaintiff proves all of said elements, then they should find the defendant not guilty.

The material allegations of the complaint, which charged negligence, specifically set forth the above three elements of the plaintiff's alleged cause of action, all of which it became necessary for the plaintiff to prove by a preponderance of the evidence in order to sustain his cause of action. An instruction embodying the above elements of the plaintiff's cause of action in negligence cases has been frequently approved by courts of review of this State. *Illinois Cent. R. Co. v. Oswald*, 338 Ill. 270, 170 N. E. 247; *Chicago Union Traction Co. v. Mee*, 218 Ill. 9, 75 N. E. 800; *Chicago City Ry. Co. v. O'Donnell*, 208 Ill. 267, 70 N. E. 294, 477; *Gordon v. Current*, 263 Ill. App. 435.

In *Devine v. Northwestern Elevated R. Co.*, 265 Ill. 641, 107 N. E. 118, appellant, as here, complained of an instruction which told the jury, among other things, that in order to find a verdict for appellant they must believe, from the evidence, that the deceased was in the exercise of ''due and proper care and caution for her own safety, as defined in these instructions, at and just before the time of the accident complained of.'' The Supreme Court commented as follows: ''The argument especially criticises the using of the words 'due and proper care and caution' without defining what those words mean, counsel insisting that the jury might be misled as to their meaning unless further defined. With this we cannot agree. The words are not technical. They are in common use. To require the definition of all words or expressions used in instructions would often tend to confuse rather than aid the jury.'' The court then refers to the case of *Schmidt v. Sinnott*, 103 Ill. 160, wherein it was held that the use of the words ''due and proper care'' were not misleading. Counsel in this case contend that the language ''due care and caution for his own safety, as set forth and defined in these instructions,'' was prejudicial in that it referred to another instruction while directing a verdict which required that all elements be stated in the instructions given. It may be noted that in the *Devine* case, *supra*, the language there complained of also read ''due and proper care and caution for her own safety, as defined in these instructions,'' and it was there held that the jury could not be misled as to their meaning although not further defined. The rule of law as to what constitutes contributory negligence was fully covered by other instructions. We hold that the plaintiff could not have been prejudiced by the giving of this instruction.

Given instruction No. 6 was a similar stock instruction stating that ''The plaintiff is required by law to prove his case by the greater weight or preponder-

ance of the evidence before he can recover, and if the plaintiff has not so proven his case, or if the evidence is evenly balanced so that the jury are unable to say on which side is the greater weight of the evidence, or if the greater weight of the evidence is in favor of the defendant, then in either such case your verdict should be in favor of the defendant.'' This instruction does not fall within the class of cases cited by appellant wherein this court and the Supreme Court have criticised the use of the qualifying phrase ''preponderates although but slightly,'' which is justly condemned as minimizing the requirement that plaintiff must prove his case by a preponderance of the evidence. The law, as stated in the above instruction, has been approved by the Supreme Court in *Koshinski v. Illinois Steel Co.*, 231 Ill. 198, 83 N. E. 149; *Chicago City Ry. Co. v. Nelson*, 215 Ill. 436, 74 N. E. 458; *Vischer v. Northwestern Elevated R. Co.*, 256 Ill. 572, 100 N. E. 270; *Barretta v. Chicago Rys. Co.*, 214 Ill. App. 455. An identical instruction was approved by this court in the recent case of *Stollery v. Sprague*, 301 Ill. App. 209, 22 N. E. (2d) 276, wherein the court said at page 215 that ''Instruction 10 also was a stock instruction to the effect that plaintiff must prove her case by a preponderance of the evidence; that if the evidence was evenly balanced or preponderated in favor of defendants, the verdict should be not guilty,'' and concluded that ''obviously this instruction was proper.''

In defendant's given instruction No. 11, the court instructs the jury that there is no presumption of negligence arising against the defendant Black and Company from the fact in and of itself that Arlie Stivers may have received some injuries. Somewhat similar instructions have been criticised by our courts. However, in the cases cited by appellant, it will be noted that the term ''accident'' is used and we hold that when considered with all the other instructions in this case the instruction was not prejudicial. In the

case of *Martini v. Donk Bros. Coal & Coke Co.*, 169 Ill. App. 139, it was held that an instruction did not constitute prejudicial or reversible error, which read that ''The jury were not to say that the defendant Company was negligent solely because the plaintiff was injured, etc.'' We find no prejudicial or reversible error in the instructions, given or refused, and since the evidence in the case was of such nature that the controverted questions of fact, and the credibility of the witnesses were matters peculiarly within the province of the jury to determine, we cannot say from the record herein that the verdict was contrary to the manifest weight of the evidence. The judgment of the circuit court of Sangamon county will be affirmed.

*Judgment affirmed.*