Ethel Rockwood, Plaintiff-Appellee, v. Glenn Andrews, Defendant-Appellant.

Gen. No. 10,547.

Opinion filed February 1, 1952. Released for publication February 19, 1952.

MAYNARD & MAYNARD, of Rockford, for appellant.

CLIFFORD A. PEDDERSON, of Rockford, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

At the January Term 1950, of the circuit court of Winnebago county, Illinois, Ethel Rockwood started a suit against Glenn Andrews for damages which she claims she sustained because of the negligence of the defendant in an automobile collision between the car in which she was riding, and the car of Glenn Andrews which he was driving. "Count I alleges that on June 17, 1949, plaintiff, Ethel Rockwood, was riding as a passenger in the automobile of her husband, Milton Rockwood, proceeding northeasterly on Illinois State Highway No. 2, and that while the automobile in which she was riding as a passenger, in the exercise of due care and caution for her own safety, was proceeding around a curve, the defendant, Glenn Andrews, while driving his automobile in the opposite direction on said highway, negligently turned his automobile to the left or south and over into the lane of-traffic in which the plaintiff was riding and collided with the automobile in which the plaintiff was riding, causing severe injuries to the plaintiff and necessitating removal of the left knee cap. It is charged that the defendant negligently drove at an excessive and unreasonable rate of speed; that he negligently failed to keep a lookout; that he negligently failed to give any signal or warning of the movement of his automobile; that he negligently drove and collided with the automobile in which the plaintiff was riding and violated the statute in failing to yield the right of way to the plaintiff's automobile."

452

The second count of the complaint was one for willful and wanton misconduct, but it was dismissed by the court, so at this time we are not concerned about it.

The defendant filed his answer and denied all acts of negligence on his part which contributed in any way to the injuries of the plaintiff. The case was tried before a jury that rendered a verdict in favor of the plaintiff in the sum of $4,500. The defendant entered a motion for a new trial, which was overruled by the court, and judgment was then entered on the verdict in favor of the plaintiff for $4,500. The defendant has brought the case to this court on appeal.

The plaintiff was riding in an automobile with her husband north of the city of Rockford, on State Route No. 2, which runs in a northerly and southerly direction. A short distance north of Rockford the road curves to the east, and the road then runs nearly due east and west. The Rockwoods were driving north and Andrews south. At or near the turn in the road there is what is known as the Wagon Wheel Restaurant, and near this place the accident occurred. It is claimed by the plaintiff that the defendant, without any warning, made a left-hand turn to go into the Wagon Wheel Restaurant; that the Andrews' car was on the wrong side of the road when the collision occurred, and the plaintiff was severely injured.

There is no dispute in regard to much of the evidence, but who was negligent in causing the accident, or on which side of the highway where the collision occurred, is disputed. The plaintiff and her witnesses claim that the accident occurred on the right side, or the Rockwood side of the highway, and some of the defendant's witnesses claim that it occurred on the side of the defendant, Andrews. These questions were submitted to the jury for their consideration, and they have decided that the plaintiff's witnesses are more worthy of belief than the defendant's. It is insisted by the appellant that the verdict of the jury is contrary

to the manifest weight of the evidence. From a review of the evidence as abstracted, it is our conclusion that the jury properly found that the accident occurred because of the negligence of the defendant, and that the plaintiff was in the exercise of due care and caution for her own safety at the time of the collision.

It is not claimed that the court erred in admitting improper evidence, or rejecting any proper evidence. Appellant does insist that the court erred in giving improper instructions on behalf of the plaintiff. Instruction No. 10 is criticized, as it is claimed it submitted a question of law for the jury to decide instead of a question of fact. It is our opinion that this objection is not well-founded, as it does present a question of fact for the jury to decide. Instruction No. 11 is also criticized, but we think this instruction was proper under the issues in this case. Instructions No. 13 and 14 are mandatory. The defendant claims they have been unduly prejudiced by these two instructions because they were very similar. The criticism as to their being similar is well taken, but they state a proposition of law in different language, and this is done frequently and not held to be reversible error.

Instruction No. 15 is also a mandatory instruction, and it tells the jury that if certain facts are proven which have been alleged in the complaint as being the cause of the plaintiff's injury, and that the plaintiff herself was in the exercise of due care and caution for her own safety, then she is entitled to recover. Defendant's Instruction No. 22 tells the jury what the plaintiff must prove before she is entitled to recover. This instruction is also a mandatory one. We find no objection to either of these instructions.

The appellant contends that it has been unduly prejudiced by so many mandatory instructions on behalf of the plaintiff, but an examination of the record shows that three mandatory ones were given on behalf

454

of the plaintiff, and four on behalf of the defendant. Our courts have frequently commented on the giving of too many mandatory instructions for either side in a lawsuit, but the number that the court gave in this case was not unreasonable.

██ Defendant's refused Instruction No. 10 states the law as where a person is confronted with sudden danger and is not required to use the same degree of foresight as that under ordinary circumstances. This we think is a proper instruction in certain cases, but in this case we find no evidence on which to base such an instruction, so the court did not err in refusing to give it. Defendant's refused Instruction No. 11, is covered by Instruction No. 20. The only difference is it sets forth facts which if the jury find to be true, the plaintiff would not be entitled to recover. This is also a mandatory instruction. We think the refused instruction was a proper one, and the court could very properly have given it, unless he felt that it had been covered by other instructions. We do not think it is error to refuse this instruction.

The jury was told that the instructions given by the court were a series or a whole, and that they should consider all of them as being the law relative to the case, and not to any particular one. On the whole it is our opinion that the jury was properly instructed. We find no reversible error in this case, and the judgment of the trial court is affirmed.

*Judgment affirmed.*