Dorothy Klinkenberg, Individually and as Administratrix of the Estate of Harold R. Klinkenberg, Jr., Deceased, Plaintiff-Appellee, v. Virginia M. Horton, Defendant-Appellant.

Gen. No. 66–34.

Third District.

March 22, 1967.

Isador I. Katz, of Rock Island, for appellant.

Charles M. Ferguson, of Rock Island, for appellee.

ALLOY, J.

This is an appeal from a judgment in favor of plaintiff Dorothy Klinkenberg in a wrongful death action as against Virginia M. Horton, defendant. There were two counts in the complaint, one of which sought recovery for funeral, medical and hospital bills by Dorothy Klinkenberg individually, and the other count by Dorothy Klinkenberg as administratrix sought recovery for pecuniary loss to Dorothy Klinkenberg and the three minor children of decedent. The jury returned a verdict in favor of Dorothy Klinkenberg individually for $20,200 and in favor of Dorothy Klinkenberg as administratrix of the estate of Harold Klinkenberg, deceased, for $1,890.-57. The jury was directed, thereafter, by the trial court,

to amend its verdict so as to correct it, and in doing so awarded $1,890.57 to Dorothy Klinkenberg individually and $20,200 to Dorothy Klinkenberg as administratrix of the estate of decedent. Judgment was entered on the amended verdict.

The record in the case discloses that Harold Klinkenberg, the decedent, was riding on a motorcycle in a southerly direction on Route 67 which is a four-lane arterial highway running north and south in Milan, Illinois. Defendant Virginia Horton was driving an automobile at the intersection of Route 67 and 12th Avenue West. The collision occurred on the evening of May 11, 1964, between 8:30 p. m. and 9:00 p. m.

Route 67 has two lanes for northbound traffic and two lanes for southbound traffic, which dual lanes are separated by a center grassy median area or strip. 12th Avenue West is an access road. Traffic entering Route 67 from 12th Avenue West is required to stop. Stop signs were located at the intersection. Traffic crossing either the north or southbound lanes by way of the road across the grassy median strip were required to yield the right-of-way to vehicles on Route 67 by signs placed there which read "Yield Right-of-Way."

The record shows that the night was dark and decedent Harold Klinkenberg had his lights on and had just passed through a State Police headlight check. He was traveling in the most westerly or righthand lane for southbound traffic on Route 67. He had stopped for a red light a few hundred feet from the scene of the collision. He then went up a long gradual incline from the place where he had stopped to the place of collision. There were no obstructions to the view of vehicles on the highway at the time. There was a conflict in the evidence as to the speed at which Harold Klinkenberg was traveling and the manner in which he was operating the motorcycle.

Defendant Virginia Horton was crossing Route 67 east to west by use of the road across the median strip be-

154

tween the north and southbound lanes at 12th Avenue West. The record indicates that she did not stop when she reached the southbound lane but proceeded at a slow rate of speed. The evidence was conflicting as to whether under the circumstances she failed to yield the right-of-way to decedent. The evidence was also conflicting as to where the impact of the collision actually occurred, whether it was on Route 67 or on 12th Avenue West.

On appeal in this Court, defendant contends that the evidence was not sufficient to support plaintiff's verdict on the ground that there was no evidence tending to show exercise of due care by plaintiff's intestate and that the verdict was against the manifest weight of the evidence in finding that defendant was negligent. Defendant contends that judgment should be entered notwithstanding the verdict or a new trial granted on this ground.

It is also contended that the trial court committed reversible error in the giving of certain instructions on behalf of plaintiff. It is further contended that the trial court committed error in rulings on the evidence during the trial, and in permitting plaintiff's counsel to make prejudicial arguments to the jury, and also erred in refusing to allow defendant's counsel to poll the jury and in directing the jury to amend its verdict.

 On the issue of whether the verdict was contrary to the manifest weight of the evidence and whether there was sufficient evidence of due care on part of plaintiff, we have frequently stated that a reviewing court will not substitute its judgment for that of a jury in passing on the weight and credibility of conflicting testimony and that for a verdict to be contrary to the manifest weight of the evidence, an opposite conclusion must be clearly apparent (De Legge v. Karlsen, 17 Ill App2d 69, at 75, 149 NE2d 491). The evidence in this case conflicted as to the facts and the question of whether

155

or not the decedent was guilty of contributory negligence and whether or not defendant was guilty of negligence proximately causing the death of decedent were questions for the jury and such jury's determination would not be disturbed by this Court on review in state of the record (Mueth v. Jaska, 302 Ill App 289, 294, 23 NE2d 805; Stowers v. Carp, 29 Ill App2d 52, 172 NE2d 370).

The problem of major concern on appeal in this Court arises from defendant's contention that there was reversible error in the giving of plaintiff's Instructions Nos. 16 and 17 over defendant's objection. Plaintiff's tendered Instruction No. 16 which was given by the court was submitted in the following language:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided:

" 'The driver of a vehicle in obedience to a yield right-of-way sign shall reduce the speed of his vehicle to not more than 20 miles per hour and shall yield the right-of-way to other vehicles which have entered the intersecting highway either from the right or left or which are approaching so closely on said intersecting highway as to constitute an immediate hazard; but said driver having so yielded may proceed at such time as a safe interval occurs.'

" 'If a driver is involved in a collision at an intersection or interferes with the movement of other vehicles after driving past a yield right-of-way sign, such collision or interference shall be deemed prima facie evidence of the driver's failure to yield right-of-way.'

"If you decide that a party violated this statute on the occasion in question, then you may consider that fact together with all the other facts and circum-

stances in evidence in determining whether or not such party was negligent before and at the time of the occurrence."

The record discloses that at the conference on instructions, counsel for defendant specifically objected to the second paragraph of the instruction in the portion of the statute quoted which stated that if the driver is involved in a collision at an intersection or interferes with the movement of other vehicles after driving past a yield right-of-way sign, such collision or interference "shall be deemed prima facie evidence of the driver's failure to yield right-of-way."

██ ██ As we have indicated previously, the question of where the collision actually occurred was controverted and was one for the jury to determine. In the state of the record the use of the instruction containing the expression "prima facie evidence" could be misleading and prejudicial (Johnson v. Pendergast, 308 Ill 255, 139 NE 407). If the facts in the record had disclosed an unquestioned or relatively unquestioned factual situation, the use of the full language of the statute in such instruction might not be misleading and might not be the basis for reversal. As has been indicated in a number of Illinois cases, statutory violation construed as prima facie evidence of negligence does not in itself establish a prima facie case of liability since the element of proximate cause must still be proved (Ney v. Yellow Cab Co., 2 Ill2d 74, 78–79, 117 NE2d 74), and other evidence may rebut such prima facie evidence by proof that, under all the circumstances of the case, the violation of the statute did not amount to negligence (Stivers v. Black & Co., 315 Ill App 38, 42, 42 NE2d 349; Miller v. Burch, 254 Ill App 387, 390–394).

██ In the Illinois Pattern Jury Instructions Volume of Civil Instructions which was prepared by the Illinois Supreme Court Committee, the draftsmen had occasion to

consider the particular issues in sections 60.00 and 60.01. Section 60.01 contains comments of the draftsmen in which they point out that violation of a statute or ordinance is not negligence per se but only prima facie evidence of negligence (Burke v. Zwick, 299 Ill App 558, 20 NE2d 912), and that such prima facie evidence may be rebutted by a showing that, under all the facts and circumstances of the case, the violation did not constitute negligence (this is likewise treated in § 60.00). Accordingly, the authors point out that the violation of a statute or ordinance is but one fact to be taken into consideration by the jury along with all the other facts and circumstances in determining the issue of negligence. Use of the phrase "prima facie evidence" has been avoided specifically in the recommended instructions, primarily because it is not a phrase which is easily understood by a jury (Johnson v. Pendergast, 308 Ill 255, 139 NE 407; Harris v. Piggly Wiggly Stores, Inc., 236 Ill App 392).

The Appellate Court in Harris v. Piggly Wiggly Stores, Inc., 236 Ill App 392, was considering an instruction relating to speed where the statutory provision was to the effect that such speed would be "prima facie evidence that the person so operating such vehicle is running at a rate of speed greater than is reasonable and proper." The Appellate Court in such case stated, at Page 399:

> "In Stansfield v. Wood, 231 Ill App 586, opinion by Mr. Justice Heard, the giving of this instruction was held to be erroneous. It was also criticized in Johnson v. Pendergast, 308 Ill 255, on the ground that it was doubtful whether the ordinary juror would understand the legal meaning of the term 'prima facie,' and that the instruction was equivalent to advising the jury that if defendant violated the statute, negligence was proved. While the facts in these cases are different from those before us, they both hold

that the rule as to what constitutes prima facie evidence as found in this statute is a rule of law for the guidance of the court, and not a rule in the law of evidence to be given to the jury. (Chamberlayne on Evidence, 994.) Ordinarily the giving of an instruction in the language of the statute is proper; but, following the above-cited cases, we hold that the giving of this instruction in this case was reversible error."

It is noted that the court in such case emphasized that the rule as to what constitutes prima facie evidence of violation as specified in the statute, is a rule of law for guidance of the court and not a rule of law of evidence to be given to the jury. The same language is used in Johnson v. Pendergast, 308 Ill 255, at 263, 139 NE 407. ▮ As indicated in the case of Harris v. Piggly Wiggly Stores, Inc., 236 Ill App 392, ordinarily instructing in the language of the statute would not constitute reversible error. The use of the term "prima facie," however, on the basis of the evidence presented in the record before us, implies that the collision or interference would be deemed prima facie evidence of the driver's failure to yield the right-of-way. Since there was a conflict of evidence as to the exact place where the collision occurred, such instruction could have been prejudicial and misleading to the jury. The first part of the instruction as tendered and the latter part were proper but the inclusion of the sentence which refers to the "prima facie evidence" was improper and requires reversal. Instruction No. 17 objected to, sought to define "prima facie" and obviously would not be given on a retrial of this cause.

In view of our conclusion as to the erroneous character of Instruction No. 16 referred to, we do not deem it necessary to discuss the other errors defendant contends are shown by the record involving rulings on evidence, as-

serted prejudicial arguments, polling of the jury and amendment of verdict. It is unlikely that such matters would recur in the retrial of this cause. We also find it unnecessary to consider the motions filed in this cause which were taken with the case for consideration.

This cause will, therefore, be reversed and remanded to the Circuit Court of Rock Island County for retrial.

Reversed and remanded.

CORYN, J., concurs.

SPECIAL CONCURRING OPINION

STOUDER, P. J.

I concur with the result reached in the majority opinion, namely that Plaintiff's Instruction No. 16 is prejudicial and erroneous. However I do not agree with the reasoning employed by the majority opinion to reach this result.

No argument is made that the statute involved is one which the legislature was without power to enact. We are therefore, assuming the propriety of the statute, compelled to question under what circumstances the statute may be given the effect intended by the legislature. It is obvious that the legislature intended some consequence to flow from the fact of a collision at an intersection or the fact of interference with the movement of other vehicles after driving past a yield right-of-way sign. This consequence, the legislature states, shall be to establish prima facie evidence of a violation of the statute. What effect should be given this declaration of the legislature?

To suggest, as does the majority opinion, that where the evidence is in conflict, the statute should not be given effect whereas if the evidence is not in conflict the stat-

160

ute should be given effect merely begs the question. If the relationship between two facts is such that the existence of fact one leads to a conclusion of the existence of fact two, this relationship does not change merely because there may be a dispute as to the existence of fact one. Civil liability for negligence may not be predicated solely on the violation of a statute since this would, as stated in the majority opinion, ignore the element of proximate cause. If an instruction in the language of the statute leads to this implication that instruction must be prejudicial and erroneous. However criminal responsibility may be predicated upon a statutory violation. Indeed in a criminal procedure this is the sole issue. If the statute is violated, criminal responsibility follows as an inevitable consequence.

Chapter 95½, Ill Rev Stats 1965, commonly known as the Motor Vehicle Code, is primarily concerned with the establishment of rules and conduct in the operation of motor vehicles and their enforcement by criminal procedures. Therefore, it appears to me that prior court decisions, the comments of the drafters of the Illinois Pattern Instructions and the legislative intent may all be given effect if the instruction complained of be limited to cases in which the violation of the statute is the single issue to be resolved.