PHYLIS C. RUSSO, Plaintiff-Appellee, *v.* CHECKER TAXI COMPANY, INC. *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 77-1449

Opinion filed December 19, 1978.

Kluczynski, Dore & O'Toole and Jesmer & Harris, both of Chicago (Charles E. Tannen and John J. O'Toole, of counsel), for appellants.

Heller & Morris and Schwartzberg, Barnett & Cohen, both of Chicago (Benjamin H. Cohen and Hugh H. Schwartzberg, of counsel), for appellee.

Mr. JUSTICE BROWN* delivered the opinion of the court:

The plaintiff, Phylis C. Russo, filed an action in the circuit court of Cook County against the defendants, Checker Taxi Company, Inc. and John Bonnar, a cab driver, to recover damages for personal injuries sustained by plaintiff when her car was rear-ended by a Checker taxicab. The jury returned a verdict for the plaintiff in the amount of $7,000. Judgment was entered on the verdict and defendants appeal.

The issues presented on appeal are (1) whether the verdict was against the manifest weight of the evidence, and (2) whether the circuit court erred in refusing to instruct the jury that they could find for the

---

\* This opinion was prepared by Justice Brown while assigned to the Illinois Appellate Court, First District.

plaintiff with no assessment of damages and in refusing to give a verdict form to that effect.

The pertinent facts follow.

Plaintiff testified that on November 23, 1971, at approximately 6 p.m., she was traveling in the southbound lane of North Lakeview Avenue. The traffic was medium to heavy. It was snowing and the streets were slick. She was driving slowly when she activated her right turn signal and came to a complete stop to wait for the congestion in traffic to clear so that she could turn into her driveway. After waiting several minutes, her car was struck in the rear by a Checker taxicab driven by John Bonnar.

Plaintiff testified further that when her car was struck by the cab, she was thrown forward and upward, and the back of her head hit the top of the car. The cab followed her car into the driveway. While plaintiff and the cab driver were discussing the accident, she met a friend named Phillip Issen. Plaintiff asked Issen to help her up the stairs because she felt dizzy, her head and back hurt, and she could not walk alone. She did not seek medical treatment until November 26, 1971, at which time she consulted Dr. Earl Lustgarten. Plaintiff was treated by the doctor with deep heat every few days for approximately three months. She also received six therapy treatments prescribed by Dr. Miller. Plaintiff further testified that she had prior back problems.

Dr. Earl Lustgarten testified that plaintiff's condition was directly related to the accident.

John Bonnar, the cab driver, testified that he had been following three car lengths behind plaintiff's car for about two blocks. Traffic was heavy and moving slowly since it was snowing and dark. His windshield wipers and headlights were on. Suddenly, plaintiff hit her brakes and Bonnar was surprised since traffic was moving in front of plaintiff's car. He did not see any turn signal on plaintiff's car. Bonnar pumped his brakes, slowly skidded in the wet snow, and collided with plaintiff's car as it was turning into the driveway. Neither car moved as a result of the impact. Bonnar further testified that he told plaintiff that "it did not look like there was any damage to the cars." She responded that she was going to claim whiplash.

The defendants' first contention is that the jury's verdict was against the manifest weight of the evidence. They maintain that plaintiff's evidence was incredible, improbable, and should have been disregarded. It is the jury's function to determine the preponderance of the evidence, and a reviewing court will reverse only if this determination is against the manifest weight of the evidence. (*Lawson v. G.D. Searle & Co.* (1976), 64 Ill. 2d 543, 553, 356 N.E.2d 779.) A verdict is against the manifest weight when an opposite conclusion is clearly apparent, or the finding of the jury

appears to be unreasonably arbitrary and not based on the evidence. *Papageorgiou v. F. W. Woolworth Co.* (1978), 66 Ill. App. 3d 873, 383 N.E.2d 1346.

■■ The testimony of plaintiff and defendant as to how the accident occurred is conflicting. A determination of what transpired lies chiefly in ascertaining the credibility of the witnesses. It has long been established that when testimony is contradictory, the determination of the credibility of the witnesses is a matter for the jury, and its findings will not be disturbed unless it is clearly evident that the verdict is palpably erroneous. (*Anderson v. City of Chicago* (1st Dist. 1975), 29 Ill. App. 3d 971, 974, 331 N.E.2d 243.) In the instant case, the jury chose to believe the plaintiff's evidence. As a reviewing court, we cannot sit as a second jury to evaluate the evidence and gauge the demeanor and credibility of the witnesses. (*Murray v. Kleen Leen, Inc.* (5th Dist. 1976), 41 Ill. App. 3d 436, 354 N.E.2d 415.) We do not find the jury's acceptance of the plaintiff's evidence to be so unreasonable, arbitrary, or palpably erroneous as to require a reversal of the verdict. *Nowakowski v. Hoppe Tire Co.* (1st Dist. 1976), 39 Ill. App. 3d 155, 349 N.E.2d 578.

■■ The defendants' second contention is that the circuit court erred in refusing to give defendants' instruction number 15 which stated: "The court instructs you that if you find that there is no damage to the plaintiff, then you will sign the verdict, 'We the jury, find for the plaintiff with no damages.' " Defendants further contend that the court erred when it refused to give a verdict form which read: "We the jury find for the plaintiff with no damages." Plaintiff contends that these instructions were properly refused as they are not required to be given, but are merely discretionary. We agree.

The defendants fail to present any authority which requires the giving of such an instruction. Our research has not disclosed any authority therefor. Defendants rely on four cases, none of which require the giving of such an instruction. The first case cited by defendants is *Jeffrey v. Chicago Transit Authority* (1st Dist. 1962), 37 Ill. App. 2d 327, 185 N.E.2d 384. That case holds that if a defendant's liability is established, a plaintiff must prove actual damage before he can recover. Therefore, the court found the circuit court's instruction to be proper under the circumstances of that case. The instruction stated: " * * * if you find there is no damage to the plaintiffs, then you will indicate on the verdict, 'We the jury, find for the plaintiff with no damages.' " That case did not require that the instruction be given, but only held that it was not improper to give it under the facts of the case. It is also important to note that Illinois Pattern Jury Instructions, Civil, No. 30.01-.06 (2d ed. 1971), which deal with the fixing of damages, were drafted after the *Jeffrey*

case. The drafters chose not to include this type of instruction and therefore, such an instruction is not required by the Illinois Pattern Jury Instructions.

The three remaining cases that the defendants rely on (*Apato v. Be Mac Transport Co.* (1st Dist. 1972), 7 Ill. App. 3d 1099, 288 N.E.2d 683; *Feldman v. Fitzpatrick* (1st Dist. 1973), 11 Ill. App. 3d 617, 297 N.E.2d 264; *Josel v. Rossi* (1st Dist. 1972), 7 Ill. App. 3d 1091, 288 N.E.2d 677) do not involve any issue concerning an instruction similar to the one requested in the instant case. Therefore, they are not applicable.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS, P. J., and PERLIN, J., concur.