448

JAMES KASOVIC, Plaintiff, v. PRESTON TRUCKING COMPANY, INC., *et al.*, Defendants and Third-Party Plaintiffs-Appellants (Allen R. Smith *et al.*, Third-Party Defendants-Appellees).

First District (4th Division)  No. 85—885

Opinion filed September 11, 1986.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom and Shaun McParland, of counsel), for appellants.

Kiesler & Berman, of Chicago (Dale L. Schlafer, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

This appeal is brought by Preston Trucking Company, Inc. (Preston), S & P Equipment, Inc. (S & P), and Frank Monte, Jr. (referred to jointly as defendants), who were defendants/third-party plaintiffs in a personal injury action instituted by plaintiff, James Kasovic (Kasovic). Kasovic was a passenger in a vehicle driven by Allen Smith (and owned by Smith's employer, Homan Services, Inc. (Homan) which was involved in a collision with a tractor-trailer truck driven by Monte and owned by Preston and S & P. In his complaint, Kasovic claimed that the defendants' negligence proximately caused the injuries he suffered in the collision. The defendants, on the other hand, denied any negligence and in addition, filed a third-party complaint wherein they claimed that it was the negligence of Smith and Homan that proximately caused Kasovic's injuries.

Following a trial on the merits, the jury returned a verdict in favor of Kasovic and against the defendants in the amount of $1,850,000. With regard to the defendants' third-party action, however, the jury returned a verdict in favor of Smith and Homan and against the defendants.

The defendants now bring this appeal challenging the jury's verdict in their third-party action against Smith and Homan (no appeal is sought with regard to the jury's verdict in favor of Kasovic and against the defendants). The defendants contend that a new trial is warranted in the third-party action. Specifically, the defendants assert: (1) that the jury's verdict finding Smith and Homan to be free from any negligence was contrary to the manifest weight of the evidence; (2) that the conduct of counsel was so inflammatory and prejudicial that it denied the defendants a fair trial; and (3) that the trial

court erred in certain evidentiary rulings and in submitting certain instructions to the jury.

We affirm.

## BACKGROUND

This case arises out of an accident which occurred at the intersection of Algonquin Road and Dempster Street in Mount Prospect. On August 21, 1978, plaintiff, James Kasovic, was riding as a passenger in a vehicle operated by Allen Smith. Both Smith and Kasovic were employees of Homan. The vehicle operated by Smith was traveling in a westerly direction along Algonquin Road toward Dempster Street. At the same time, however, the defendants' vehicle, driven by Frank Monte, was traveling in an easterly direction along Algonquin Road as it approached Dempster Street.

At the corner of Algonquin and Dempster, the defendants' vehicle made a lefthand turn to travel east on Dempster Street. As the defendants' vehicle was turning, however, the vehicle operated by Smith collided into the defendants' vehicle resulting in the injuries suffered by Kasovic.

At the trial of this cause, three occurrence witnesses testified: (1) defendant Frank Monte (driver of the defendants' vehicle); (2) Allen Smith, the driver of the vehicle which collided with the defendants' vehicle; and (3) James Kasovic, the plaintiff who was a passenger in Smith's vehicle. In addition, Donald D. Gavel, a police officer for the village of Mount Prospect (who arrived on the scene after the accident occurred), testified as to what he observed.

Defendant Monte testified that the intersection of Algonquin and Dempster has overhanging traffic lights as well as traffic signals on poles. At that intersection, Algonquin has three lanes; one lane for those vehicles turning left, and two lanes for those vehicles passing through the intersection. Monte stated that the turning lane was approximately 100 feet long.

Monte further testified that when he entered the left turning lane, the traffic signal was green and the left-turn arrow was also green. He also stated that because the left-turn arrow was green, the arrow for traffic coming from the opposite direction (passing through the intersection) was red. In addition, Monte claimed that when he entered the intersection to begin his left turn, the left-turn arrow was still green.

Monte stated that he first saw the Smith vehicle (in which the plaintiff was a passenger) when the vehicle was approximately 750 feet away. Nevertheless, Monte claimed that as he was making his left

turn, he suddenly realized that Smith's vehicle was not going to stop at the intersection. That being the case, Monte determined, "in a split second" that he had to speed up in order to avoid a collision with Smith's vehicle. Monte gave his truck more gas. This effort, however, was futile, for Smith's vehicle collided with the rear of Monte's truck.

Allen Smith, the driver of the other vehicle, presented a different story. Smith stated that as he approached the intersection of Algonquin and Dempster, he was traveling in the left lane. Smith claimed that when he was about a quarter to a half of a block away from the intersection, he first noticed that the light was green for traffic passing through the intersection. Smith further claimed that the light remained green for traffic traveling in his direction as he entered the intersection and that it remained green throughout the entire incident.

Smith further testified that as he approached the intersection, he saw Monte's truck begin to swerve to the right as it began to make a wide left turn. Smith stated that everything happened very fast and that when he first saw Monte's truck beginning its turn, he applied his brakes and turned to the right in an effort to avoid the oncoming vehicle. However, because Monte's truck suddenly went faster (as a result of the extra gas which Monte gave his vehicle), Smith was unable to avoid Monte's vehicle and collided into it.

Smith also stated that prior to the collision, he was traveling at approximately 40 miles per hour. He claimed that he applied his brakes as soon as he realized that Monte's truck was not going to stop prior to making the left turn. Smith added that his vehicle left no skid marks.

James Kasovic, the plaintiff in the underlying action, also testified as to the events that occurred prior to the accident. Kasovic was a passenger in Smith's vehicle. His testimony essentially corroborated that of Smith's. Kasovic testified that Smith had the green light as he entered the intersection. In addition, Kasovic claimed that Monte's vehicle turned in front of Smith's vehicle and that Smith was unable to avoid the collision. Kasovic further testified that he did not see Monte's vehicle use a turn signal, nor did he believe that Monte's vehicle ever slowed down prior to the collision.

Donald D. Gavel, a police officer for the village of Mount Prospect, testified as to what he found after he came upon the scene. Gavel stated that the weather conditions on the day of the accident were clear. Gavel also explained the color sequence of the traffic lights at the Algonquin and Dempster intersection. Gavel stated that if eastbound traffic (on Algonquin) had a green arrow for a left turn,

then westbound traffic (on Algonquin) automatically had a red light. Gavel further stated that when he interviewed Monte at the scene of the accident, Monte told him that he did not recall whether he had a green light or a green arrow prior to the collision with Smith's vehicle.

No other occurrence witnesses testified at trial. The other witnesses testified as to issues not relevant in this appeal (*e.g.*, physicians testifying as to the extent of the plaintiff's injuries).

At the conclusion of the trial, the jury returned a verdict in favor of the plaintiff and against the defendants. In addition, in the third-party action involving the defendants' claim against Smith and Homan, the jury found in favor of Smith and Homan and against the defendants. The jury thus found that the accident in which the plaintiff was injured was entirely the defendants' fault.

The defendants now bring on this appeal. As stated previously, the defendants request a new trial in the third-party action based on three arguments: (1) the jury's verdict was against the manifest weight of the evidence; (2) the conduct of counsel for Smith and Homan denied the defendants a fair trial; and (3) the trial court made several erroneous rulings as to evidence and jury instructions.

OPINION

I

■ We first address the defendants' claim that the jury's verdict was against the manifest weight of the evidence. For us to find that a jury's verdict was against the manifest weight of the evidence, it must appear that in taking all of the evidence in a light most favorable to Smith and Homan, the conclusions reached by the jury were palpably erroneous and wholly unwarranted. (*Harris v. City of Granite City* (1977), 52 Ill. App. 3d 782, 365 N.E.2d 1034.) In addition, where the evidence presented at trial is conflicting, a court of review will not overturn a jury's verdict unless it is clearly against the preponderance of the evidence. *Graves v. North Shore Gas Co.* (1981), 98 Ill. App. 3d 964, 424 N.E.2d 1279.

■ Applying those principles to the case at bar, we refuse to set aside the jury's verdict. In our view, this case involves the classic situation in which the jury is presented with two different and conflicting stories, only one of which can be true. In this regard, we note that both Smith and Kasovic testified that Smith's vehicle had the green light when it entered the intersection of Algonquin and Dempster. Defendant Monte, on the other hand, claimed that he had the green

arrow (for left turns) when he entered the intersection. If Smith and Kasovic's story is true, then Monte did not have the green arrow and, consequently made an improper left turn for he failed to give oncoming traffic (including Smith's vehicle) the right of way. If, however, Monte's story is true, then Smith's vehicle had a red light and, as a result, improperly entered the intersection. Only one version of what happened on August 21, 1978, at the intersection of Algonquin and Dempster can be true. The jury viewed the evidence presented, judged the credibility of the witnesses, and then decided that Smith and Kasovic's story represented the truth. We cannot find error in this determination. (See *Russo v. Checker Taxi Co.* (1978), 67 Ill. App. 3d 379, 385 N.E.2d 33.) Accordingly, we reject the defendants' claim that the jury's verdict in favor of Smith and Homan (and against the defendants) was contrary to the manifest weight of the evidence.

## II

We next address the defendants' assertion that the conduct of counsel was so inflammatory and prejudicial that the defendants were denied a fair trial. It is the defendants' position that counsel for the plaintiff and counsel for Smith and Homan made so many prejudicial statements during *voir dire*, opening statements, and closing arguments, that a new trial is warranted. We disagree.

■ To begin, the defendants openly admit that they failed to object to many of the statements which they now claim deprived them of a fair trial. It is well settled that if a party fails to object to remarks made at trial, the propriety of the same cannot be raised on appeal. *City of Chicago v. Vaccarro* (1951), 408 Ill. 587, 97 N.E.2d 766.

The defendants contend, however, that the conduct of counsel was so egregious that even though no objection was made, nevertheless, a new trial is warranted as a result of the trial court's failure to control the proceedings and thereby protect the rights of the litigants. (See *Belfield v. Coop* (1956), 8 Ill. 2d 293, 134 N.E.2d 249.) We again disagree.

■ In their brief, the defendants have set forth the statements which they claim constituted prejudicial remarks by counsel. The number of statements claimed to be prejudicial, however, is too great for us to address each and every one in this opinion. Suffice it to say that we have thoroughly and carefully reviewed the record and cannot find that the conduct of counsel interfered with the trial (and the rights of the defendants) to such a degree that a new trial is necessary. Accordingly, we reject the defendants' assertion that the conduct of counsel

was so prejudicial that a new trial is warranted.

## III

The last issue raised in this appeal concerns the defendants' claim that the trial court erred in making several evidentiary rulings and in submitting certain jury instructions to the jury. Specifically, the defendants allege that the trial court made the following mistakes: (1) it prohibited the defendants from introducing evidence as to Smith's lack of training and Homan's alleged improper supervision of Smith; (2) it struck the testimony of Kenneth Koza which was allegedly relevant to Smith's lack of training; and (3) it submitted two erroneous jury instructions.

## A

The defendants first assert that the trial court erroneously precluded them from inquiring into the training and supervision of Smith by Homan. It is the defendants' position that Smith's training and hiring were relevant to Smith's alleged negligence, and, therefore, such evidence should have been presented to the jury. We cannot agree.

■ The issues in a case are created by the pleadings and allegations to which the proof must correspond. (*Morris v. City of Chicago* (1985), 130 Ill. App. 3d 740, 474 N.E.2d 1274.) In addition, a party cannot obtain relief based on proof without allegations. (*Partel, Inc. v. Harris Trust & Savings Bank* (1982), 106 Ill. App. 3d 962, 437 N.E.2d 1225.) In the instant case, defendants' second-amended, third-party complaint fails to allege that Homan was negligent in hiring or training Smith. Consequently, the trial court properly excluded testimony on that matter for it was not raised in the defendants' pleadings.

## B

For the same reason we believe that the trial court properly excluded the testimony of Kenneth Koza. Aside from certain impeachment testimony, the only evidence that Koza was called upon to give was with regard to his employment relationship with Smith. Koza is Smith's supervisor. Because Koza's supervision of Smith was not made an issue in the pleadings, the trial court properly excluded any evidence that related to their employment relationship. Accord, *Morris v. City of Chicago* (1985), 130 Ill. App. 3d 740, 474 N.E.2d 1274.

## C

The last issue to be addressed concerns the defendants' claim that

the trial court erred in submitting certain jury instructions. Specifically, the defendants claim that: (1) an instruction read by the trial court contained "excess verbiage" which only served to "overwhelm and confuse the jurors"; and (2) that two of the instructions were virtually identical and thereby placed undue emphasis on the defendants' lefthand turn.

█ We first note that the instruction claimed to contain "excess verbiage" was actually a verbatim recital of section 11—601 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—601) (regarding "General speed restrictions"). Ordinarily, the giving of an instruction in the language of a statute is not reversible error. (*Klinkenberg v. Horton* (1967), 81 Ill. App. 2d 152, 224 N.E.2d 597.) In the case at bar, we do not believe that the jury was misled merely because the trial court set forth the entire statute as opposed to a certain section. Consequently, no reversible error occurred as a result of the trial court's instruction embodying section 11—601 (Ill. Rev. Stat. 1983, ch. 95½, par. 11—601).

█ We also refuse to find that reversible error occurred as a result of the trial court's giving of two allegedly repetitious instructions. The instructions given informed the jury that it could find the defendants negligent in: (1) "making a left hand turn in such a manner as to cause injury to plaintiff"; and (2) "making a left hand turn in violation of Chapter 95½ of Illinois' revised statutes." The giving of two similar instructions which state the same proposition of law in different language is not reversible error. (*Rockwood v. Andrews* (1952), 345 Ill. App. 451, 103 N.E.2d 663.) Consequently, we reject the defendants' claim that the trial court committed reversible error in giving the instructions set forth above.

In sum, we refuse to find that the jury's verdict in favor of Smith and Homan and against the defendants was contrary to the manifest weight of the evidence. In addition, we believe that the conduct of counsel did not prejudice the rights of the defendants. Finally, we find that the trial court did not err in limiting the evidence presented to the issues raised in the pleadings, nor did the trial court err in giving the instructions set forth above.

Accordingly, for the reasons set forth above, the decision of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and JIGANTI, JJ., concur.