Emmett M. Mount, Helen Mount, His Wife, Donna Mount, a Minor, by Helen Mount, Her Mother and Next Friend, and Pamela Mount, a Minor, by Helen Mount, Her Mother and Next Friend, Plaintiffs-Appellees, v. Donald W. McClellan, Wayne Hoffman, and Betty Hoffman, His Wife, Defendants-Appellants.

Gen. No. 67–39.

Second District.

March 8, 1968.

Treacy and Clifford, of Chicago, for appellants.

Churchill & Baumgartner, of Grayslake, and Fuqua, Fuqua & Winter, of Waukegan, for appellees.

MR. JUSTICE MORAN delivered the opinion of the court.

On Christmas Day in 1964, the plaintiff was allegedly injured when his car was struck by the car of the defendant at Route 83 in Lake County. Plaintiff was taken to a nearby hospital, treated as an outpatient and returned home the same day. The plaintiff suffered bruises and headaches as a result of the accident. Prior to the accident he had difficulty with headaches and dizziness and, on one prior occasion, went to the hospital on this account. All medical findings were normal and his family doctor testified that no concussion was apparent. During the course of the trial, the plaintiff was asked, on cross-examination, whether or not his car was equipped with seat belts. An objection to this question was overruled and the plaintiff answered that his car was not equipped with seat belts.

The jury rendered a finding in favor of the plaintiff in the amount of $1,000. Plaintiff thereupon made a motion for a new trial, alleging inadequacy of damage and that the trial court had erred in permitting the plaintiff to be interrogated regarding the seat belts. The trial court granted the motion for a new trial on both grounds and the defendant filed his petition in this court for leave to appeal from the order of the trial court granting the new trial, which was allowed.

Considering first the question of the seat belts, while today there is a statutory requirement that automobiles be so equipped, at the time of this accident there was no such requirement. The plaintiff argues that in order for there to be negligence there must be a duty. He continues,

that if there is no duty then there can be no breach and consequently, no negligence. On the other hand, the defendant argues that, even though there was no statutory duty to have seat belts at the time of the accident, there was the common-law duty to use due care for one's own safety and whether or not seat belts were installed in the car is an evidentiary factor which the jury could properly consider in determining the question of the plaintiff's due care for himself.

There appears to be no Illinois case on this subject. We have examined other jurisdictions and find that in the States of Wisconsin, South Carolina and Indiana such evidence is admissible as a factor in determining the common-law duty of care. See Bentzler v. Braun, 34 Wis 2d 362, 149 NW2d 626, 639 et seq. (1967); Sams v. Sams, 247 SC 467, 148 SE2d 154, 155 (1966) and Kavanagh v. Butorac (Ind App), 221 NE2d 824 (1966). On the other hand it appears that in Delaware and Florida such evidence is held to be inadmissible. See, Lipscomb v. Diamiani (Del), 226 A2d 914, 918 (1967) and Brown v. Kendrick (Fla), 192 So2d 49, 51 (1966).

■ It seems to us that the better reasoning favors the admissibility of the evidence. As was said in the Bentzler case at page 639:

"... (T)here is a duty, based on the common-law standard of ordinary care, to use available seat belts independent of any statutory mandate."

and at page 640, court went on to say:

"... (I)t is obvious that, on the average, persons using seat belts are less likely to sustain injury and, if injured, the injuries are likely to be less serious. On the basis of this experience, and as a matter of common knowledge, an occupant of an automobile either knows or should know of the additional safety

4

factor produced by the use of seat belts. A person riding in a vehicle driven by another is under the duty of exercising such care as an ordinarily prudent person would exercise under similar circumstances to avoid injury to himself."

■ ■ The use, or nonuse of seat belts, and expert testimony, if any, in relation thereto, is a circumstance which the trier of facts may consider, together with all other facts in evidence, in arriving at its conclusion as to whether the plaintiff has exercised due care, not only to avoid injury to himself, but to mitigate any injury he would likely sustain. However, this element should be limited to the damage issue of the case and should not be considered by the trier of facts in determining the liability issue. Whether a person has or has not availed himself of the use of seat belts would have no relevancy in determining the cause of an accident.

It is to be noted that we do not consider the weight to be given such evidence, but merely that it is admissible on the question of the plaintiff's due care to avoid injury. The jury may give great or small weight to it, but in our judgment they are entitled to consider the matter. The trial judge was correct in his original analysis and should not have granted a new trial on this ground.

■ We now come to the adequacy of the damage. The plaintiff alleges that he has suffered special damages of $2,440.65. If these are all attributable to this injury, then the jury verdict of $1,000 is inadequate, Kinsell v. Hawthorne, 27 Ill App2d 314, 319, 169 NE2d 678 (1960).

■ Unfortunately, it is not at all clear that the plaintiff's damages resulted from this accident. The plaintiff's own doctors testified that all medical findings were normal and the plaintiff himself testified to a prior medical history which showed the same symptoms he

5

claimed in this case. A large part of his expenditures could not be attributable to the accident, for example, the bill from his family doctor covered various complaints which could not be distinguished from the present complaints, and all of his bills for medical prescriptions were likewise indistinguishable. Plaintiff claimed lost wages from his normal job as a tile setter and yet, during this time, he was able to lay the tile in his own basement. The court does not have the right to reweigh the evidence which the jury considered. It cannot put itself in the jury's place. It can only intervene if the jury's verdict is palpably inadequate or against the manifest weight of the evidence, Stroyeck v. A. E. Staley Mfg. Co., 26 Ill App2d 76, 86, 167 NE2d 689 (1960) citing ILP, Damages, § 162.

We are mindful of the rule that the granting of a new trial by the trial court is a matter of discretion and that its decision will not be reversed unless there is shown to be an abuse, Morella v. Melrose Park Cab Co., 65 Ill App2d 175, 181, 212 NE2d 106 (1965). However, our examination of the entire record indicates to us that the trial court did abuse its discretion and that the jury verdict was not against the manifest weight of the evidence or palpably inadequate.

Therefore, the cause is reversed and remanded to the trial court with instructions to deny the motion for a new trial.

Reversed and remanded with instructions.

DAVIS, P. J. and ABRAHAMSON, J., concur.