**Althea Deaver, Executor of the Will of Philip F. Deaver, Deceased, and Althea Deaver, Administrator of the Estate of Lester M. Samples, Deceased, and Althea Deaver, Plaintiff-Appellee, v. Ronald Hickox, Defendant-Appellant.**

Gen. No. 11,124.

Fourth District.

March 25, 1970.

Ryan & Heller, of Mattoon (Willis P. Ryan, of counsel), for appellant.

Lemna & Lee, of Tuscola, and Busch, Harrington & Porter, of Champaign, for appellee.

**TRAPP, J.**

This case was reviewed as Deaver v. Hickox, 81 Ill App2d 79, 224 NE2d 468, and remanded for a new trial because of error in admitting certain purported expert testimony. Upon the new trial the jury verdict was for the defendant. The trial court, however, entered judgment non obstante veredicto upon the issue of liability and ordered a new trial upon the issue of damages only. The trial court further conditioned such judgment non obstante veredicto by granting plaintiffs a new trial in the event that such judgment was reversed. Leave to appeal was denied in this Court.

Upon the issue of damages only judgments were entered in the sums of $30,000 for the death of Deaver, and $2,500 for the death of Samples. Defendant appeals.

The decedent, Philip Deaver, with decedent, Lester M. Samples, as a passenger, was driving south on an oiled road approaching the unprotected intersection with an east and west road on which defendant, Ronald Hickox, was travelling in an easterly direction. The intersection was in defendant's neighborhood and he was familiar with it. The northwest corner of the intersection was occupied by standing corn, about five and one-half feet high.

There were no competent eyewitnesses to the accident. Proof was made of the careful driving habits of the decedent, Deaver. While there is no direct evidence as to the careful habits of the decedent, Samples, there is, we believe, sufficient evidence to go to the jury upon the issue of the due care of Samples under the rule of Klatt v. Commonwealth Edison Co., 33 Ill2d 481, 211 NE2d 720, and Lobravico v. Checker Taxi Co., Inc., 84 Ill App2d 20, 228 NE2d 196.

Defendant's automobile left 39 feet of skid marks immediately prior to the impact, and struck the Deaver's car at about the middle of the intersection. The Deaver's car was pushed into the field in the southwest corner

of the intersection and came to rest on its top. Defendant's car came to rest facing northwesterly in the southeast corner of the intersection.

The front end of defendant's car was pushed back about a foot and the right side of the Deaver's car was pushed in about a foot and a half in the area of the right front door.

A witness which the trial court found to be qualified as a reconstruction expert testified to an opinion that each vehicle was travelling at a speed of approximately 20 miles per hour at the time of impact. As a further opinion related to the evidence, the skid marks placed the speed of defendant's car at about 32 miles an hour before its brakes were applied.

The issue is whether the trial court properly set aside the finding of the jury upon the issue of liability. We have examined with care the trial court's memorandum filed when entering judgment non obstante veredicto with the alternative order granting a new trial. He determined that defendant was negligent as a matter of law in approaching an intersection at the speed in evidence when the view was known to him to be hidden by the growing corn. He concluded that the plaintiffs' decedents were in the exercise of ordinary care for their own safety upon the evidence of habits of due care of the deceased driver, Deaver, and the fact that each of the decedents was wearing seat belts.

 ██ The court erred in concluding that the wearing of seat belts was competent evidence of due care in the operation of the automobile in which Samples and Deaver were riding. In Mount v. McClellan, 91 Ill App2d 1, 234 NE2d 329, it is said:

> "Whether a person has or has not availed himself of the use of seat belts would have no relevancy in determining the cause of an accident,"

and continues to say that the use of seat belts is not to be considered by the trier of fact in determining the issue of liability. In this case liability and freedom from contributory negligence are equivalent issues for the trier of fact.

Upon consideration of the evidence of the use of seat belts and of the habits of due care, the trial court concluded that the evidence showed that the driver, Deaver:

> ". . . was in control of his automobile before and at the intersection. . . ."

It appears from such language that the trial court concluded that under the evidence Deaver and Samples were in the exercise of ordinary care as a matter of law.

■ The rule is usually stated that due care may be inferred from a consideration of all of the circumstances shown by the evidence, together with the evidence of habits of due care. Hughes v. Wabash R. Co., 342 Ill App 159, 95 NE2d 735; Karlock v. New York Cent. R. Co., 333 Ill App 655, 78 NE2d 122; Turnbull v. Porter, 55 Ill App2d 374, 206 NE2d 97; Lobravico v. Checker Taxi Co., Inc., 84 Ill App2d 20, 228 NE2d 196; Aurora Nat. Bank for Use of Knott v. Galauner, 81 Ill App2d 132, 224 NE2d 604. IPI No. 10.08 is phrased to advise the jury of the inferences which may be drawn from the evidence of habits of due care and concludes:

> ". . . In deciding the issue of the exercise of ordinary care by the decedent you may consider this inference and any other evidence upon the subject of decedent's care."

■ While the testimony is offered in behalf of Deaver that he always stopped before entering intersections when the view was hidden by tall corn, such is belied here by the evidence that his car was travelling 20 miles per hour when struck in the middle of the

intersection. The trial court's memorandum does not reflect consideration of the factor that Deaver's duty was controlled by chapter 95½, § 165, Ill Rev Stats 1963, that his view of a car approaching the intersection from the right was equally hidden by growing corn, and that a jury might well conclude that a driver entering such an intersection and struck in the middle of it while travelling 20 miles per hour was not in the exercise of ordinary care for his own safety. In the light of all of the evidence it was error for the court to conclude that there could be:

> ". . . no other finding than that . . . each of the decedents were in the exercise of due care at and prior to the collision."

Such issue was properly a jury question. Aurora Nat. Bank for Use of Knott v. Galauner, 81 Ill App2d 132, 224 NE2d 604; Turnbull v. Porter, 55 Ill App2d 374, 206 NE2d 97.

 Upon consideration of all of the evidence we must conclude that it was not proper to invoke the rule of Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504 and enter judgment non obstante veredicto.

 We are called upon to review the conditional rule of granting a new trial, chapter 110, § 68.1(6), Ill Rev Stats 1967. An abuse of discretion is shown where it appears that the trial court set aside the jury's verdict and granted a new trial essentially because it would have decided the case differently had it been the trier of fact, or because it concludes that inferences drawn by the court are more reasonable than those reached by the jury:

> "The trial court cannot substitute its inferences and conclusions of fact for those drawn by the jury

471

if those drawn by the jury find reasonable support in the evidence."

Dunlavey v. Patti, 79 Ill App2d 442, p 446, 223 NE2d 858; Dobson v. Rosencranz, 81 Ill App2d 439, 226 NE2d 296. We note that the dissent in the latter case is based upon a conclusion that the jury was misled by the form of certain questions appearing in the record. No error of such quality appears in this record.

■ The record discloses that the trial court not only reached conclusions concerning the exercise of due care by the deceased driver from his inferences of the respective opportunities to see at the intersection, but that improper matters were deemed conclusive upon the issue of freedom from contributory negligence. Such inferences and conclusions drawn by the court are contrary to those reached by the jury upon the identical evidence. Under such circumstances, the trial court's orders are an abuse of discretion.

■ As stated in Dailey v. Hill, 99 Ill App2d 474, 241 NE2d 683, it is irrelevant that the trial court might have decided the case differently on his own evaluation of the testimony. Defendant is entitled to have questions of fact decided by the jury, and the drawing of inferences from the evidence and resolving issues of fact such as negligence or contributory negligence are matters for the jury and not for the judge. Here there is no showing that the verdict resulted from passion or prejudice or is wholly unwarranted by the evidence.

■ Plaintiffs argue that it was error to admit the opinion testimony of defendant's reconstruction expert, and that the trial court could have considered such fact in his order granting a new trial. There has, however, been no cross-appeal and the trial court's memorandum explicitly states that such evidence was competent and that he adhered to his ruling which admitted it into evidence.

The judgment below is reversed and the cause is remanded with directions to vacate the order granting a new trial, and to reinstate the verdict of the jury which was set aside by the trial court.

Reversed and remanded with directions.

CRAVEN, P. J. and SMITH, J., concur.