HAROLD LAREAU *et al.,* d/b/a LAREAU BROTHERS, Plaintiffs-Appellees, *v.* R. I. DENNIS, Defendant-Appellant.

(No. 11635;

Fourth District—August 15, 1972.

Albert Saikley and William Garrison, both of Danville, for appellant.

Gunn, Hickman, Kesler, Jenkins & Vogel, of Danville, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff and the defendant entered into an oral contract for certain bulldozing services. Plaintiff sued to recover the sum of $2670 for bulldozing services. Both parties agreed that the defendant asked the plaintiff to perform the services at an agreed-to-rate of $18 per hour. The defendant, however, contended that the amount of the indebtedness was not $2670 but rather $2060 which he contends is the reasonable value of the work. This cause was heard in the circuit court in a bench trial and judgment for the plaintiff was entered in the amount of $2670.

The testimony relates to the nature and the extent of the work and the number of bulldozing hours necessary to the completion of the job. The defendant called one Floyd Combes, who was in the bulldozing business, as a purported expert to testify as to the reasonable amount of

time to accomplish various phases of the work. Upon plaintiff's objection such testimony was excluded and the defendant assigns as error the refusal to permit Combes to testify as an expert.

■■ The trial court judge has considerable discretion with reference to admissibility of expert testimony. In this case substantial issue can be made as to the qualifications of the expert and serious issues are raised as to adequacy of the foundation for such expert testimony. Our conclusion from a review of the record is that there is no basis to find that the trial court abused its discretion in the exclusion of the purported expert testimony in this case.

■■ The judgment entered in this case cannot be said to be against the manifest weight of the evidence. There was no error of law in the proceedings below and a recitation of factual circumstances shown by this testimony or a further discussion of the issues involved would have no precedential value. Accordingly, pursuant to Supreme Court Rule 23, the judgment of the circuit court of Vermilion County is affirmed.

Judgment affirmed.

TRAPP, P. J., and SIMKINS, J., concur.