JOSEPHINE JOSEL, Plaintiff-Appellant, *v.* FLORENCE ROSSI, Defendant-Appellee.

(No. 55136; ▮▮▮▮▮▮▮▮▮▮)

First District—October 5, 1972.

Robert L. Sklodowski and Lester A. Bonaguro, both of McLennon, Sklodowski, Nelson & Rocco, Assoc., of Park Ridge, for appellant.

Crooks and Gilligan, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This case involves an appeal by the plaintiff from a judgment for the defendant in a personal injury action tried by a jury.

We reverse and remand.

The facts of the case are as follows: Plaintiff and defendant were co-workers in a manufacturing plant. Plaintiff had been riding to and from work with defendant in defendant's car. The plaintiff paid the defendant $3 per week for this service. On February 9, 1968, while they were riding to work in the defendant's car, the defendant lost control of the wheel, and the car ran over the curb and struck a building. The plaintiff received fractures of both legs. The plaintiff instituted this lawsuit to recover for her alleged damages.

The testimony of the parties as to the circumstances surrounding the accident is conflicting. The plaintiff testified that it as still dark out, that the roads were generally dry with the exception of some ice patches on the parkway. Plaintiff was not wearing seat belts at the time of the accident. She testified that she saw no seat belts in the car during all the time she rode with the defendant. Plaintiff was seated in the right front seat at the time of the accident. She testified that as the defendant was making a turn, she slowed down because another car was approaching. Then, all of a sudden, the defendant's car went "real fast" and they were "on top of the building."

The defendant testified that there was a patch of ice on the road, and the car skidded on it. However, she had her hand on the wheel and still had control. Then she heard plaintiff scream and saw her raise her hands, and she got frightened. The next thing she knew the car jumped the curb and struck the building. The defendant said she had told plaintiff prior to giving her any rides that she was a new driver and that plaintiff said she was still willing to ride with her. Defendant introduced

a 2½ year old sales invoice made out at the time the defendant's car was purchased which invoice referred to two front seat belts being part of the car's original equipment. On cross-examination defendant said she was not wearing a seat belt at the time of the accident.

At trial the defendant called as an expert witness an automotive safety engineer. The witness had previously worked at designing and testing seat belts. Over plaintiff's objection, and in response to defendant's hypothetical question, the witness testified that in his opinion the plaintiff, had she been wearing seat belts, would not have sustained injuries to her lower extremities. The defendant also called as a witness a commercial photographer who testified that he had taken films of the plaintiff on April 10 and 11 and December 9 and 10 of 1969. These films were introduced into evidence and shown to the jury. These films, for the most part, showed the plaintiff walking.

At the close of all the evidence the court gave the jury the following defendant's instructions regarding seat belts:

"Instruction #30:

The court instructs the jury that every person riding in an automobile has a duty to use seat belts when and if they are available, not only to avoid injury to himself or herself but to mitigate any injury he or she would likely sustain. You may consider this proposition along with the other facts and circumstances in evidence in arriving at your verdict.

Instruction #31:

The jury is instructed that, in the event you find that the plaintiff did not use a seat belt, if one was available, you may consider this fact, along with all the other facts and circumstances in evidence, in your determination as to the proximate cause of the injury sustained by the plaintiff.

Instruction #32:

In the event that you have occasion to pass on the issue of damages, and if you find from the evidence and under the instructions of the Court that the vehicle of the defendant was equipped with seat belts just before and at the time of the occurrence complained of, and if you further find that plaintiff failed to make use of said seat belts just before and at the time of the occurrence, then you may consider those facts together with all the other facts and circumstances in evidence in determining whether or not Josephine Josel has exercised her duty to mitigate any injury she would likely sustain."

The jury returned a verdict for the defendant. In addition, they returned a special interrogatory, submitted by the defendant, finding that

the plaintiff was guilty of contributory negligence which proximately caused or contributed to her injury. Judgment was entered on the verdict, and the trial judge denied the plaintiff's post-trial motion requesting in the alternative a new trial, judgment *n.o.v.* or arrest of the judgment.

On appeal, the plaintiff raises several issues. We will consider only that issue which we consider dispositive of the case. Plaintiff raises the issue that the trial court erred in giving the instructions on seat belts which it did to the jury. She makes three arguments in support of this issue.

First, plaintiff argues that there was no competent evidence in the record that the defendant's car was equipped with seat belts. Second, plaintiff argues that the instructions on seat belts were in themselves erroneous because they instructed the jury to the effect that a failure to wear seat belts could be considered in determining liability rather than restricting the jury's consideration of such a matter to the question of damages. Plaintiff's third and final argument on this issue is that, in giving three separate seat belt instructions, the trial court erred by unduly repeating and emphasizing the seat belt issue.

The plaintiff's first argument that there was no competent evidence to establish the existence of seat belts relies on the contention that the original sales invoice for defendant's car which listed two front seat belts as original equipment was hearsay evidence, since it was offered to prove that, in fact, the car was equipped with seat belts at the time of the accident in question in this case. A review of the record reveals that this invoice was introduced into evidence by defendant in an attempt to establish the value of her car on the date of the accident. At that time the plaintiff objected on the grounds that there were distinguishing markings made thereon. Plaintiff apparently was referring to a small check mark or line made with a pen next to the entry on the invoice referring to seat belts and a similar mark made in the price column next to an entry indicating a $10 deposit had been put towards the purchase price of the car at the time the invoice was issued. On appeal, as previously stated, the objection urged by the plaintiff is that the invoice was hearsay. It has been established on many occasions that a specific objection to evidence, based solely on a particular point, is a waiver of objections on all other points not specified or relied upon. It is also well settled that a party will not be permitted to raise new or different objections on appeal which were not urged in the trial below. (*Town of Cicero v. The Industrial Commission* (1950), 404 Ill. 487, 89 N.E.2d 354; *Plaza Express Co., Inc. v. Middle States Motor Freight, Inc.* (1963), 40 Ill.App.2d 117, 189 N.E.2d 382.) We think, therefore, that the plaintiff is precluded from raising the objection of hearsay in this appeal.

The plaintiff further argues that the seat belt instructions given by the trial court were erroneous. This argument relies on the contention that the given instructions in effect instructed the jury to consider the plaintiff's failure to wear seat belts, if they were available, in determining the question of the defendant's liability and did not specifically limit the jury's consideration of the seat belt issue to the question of damages as is required by Illinois law. The plaintiff cites in support of her argument the cases of *Mount v. McClellan* (1968), 91 Ill.App.2d 1, 234 N.E.2d 329, and *Schomer v. Madigan* (1970), 120 Ill.App.2d 107, 255 N.E.2d 620.

■■ The instructions on seat belts given by the trial court as defendant's Instructions 30, 31 and 32 were set out earlier in this opinion. With regard to Instructions 30 and 32, we must note that a review of the record fails to support plaintiff's claim that necessary objections were made to these instructions at the time they were tendered. We conclude therefore that with regard to Instructions 30 and 32, since no objections were raised at the conference on instructions, that any objections thereto on appeal are not well taken. *Sanders v. Schultz* (1960), 20 Ill.2d 301, 170 N.E.2d 163; *Hitt v. Langel* (1968), 93 Ill.App.2d 386, 236 N.E.2d 118.

With regard to Instruction 31, it appears that plaintiff did make timely objection thereto, and thus the correctness of that instruction in light of plaintiff's grounds for objecting was preserved for review.

■■ The law with regard to seat belts and the question of whether failure to wear them is contributory negligence, or should be considered only in mitigation of damages, is as yet in a still unsettled state. A number of jurisdictions have grappled with the question with varying results. A review of the Illinois cases on the subject reveals that at present the position of our courts is that the issue of seat belts should be limited to that aspect of a case concerning the question of damages. That is, the fact of a party's wearing or not wearing an available seat belt is not to be considered on the question of liability resulting from negligence or contributory negligence. Rather, such fact is only to be considered on the question of whether or not the wearing of seat belts can be shown to have decreased or increased the injuries and thereby increased or decreased the damages to be received.

The *Mount* case, *supra*, was the first time the seat belt question was before an Illinois appellate court. The court there held that evidence of the existence of seat belts in plaintiff's car was admissible. The court adopted the language of the leading Wisconsin case, *Bentzler v. Braun* (1967), 34 Wis.2d 362. In *Bentzler*, the Wisconsin Supreme Court said at page 385: "* * * There is a duty, based on the common law standard of ordinary care to use available seat belts independent of any statutory mandate."

The court in *Mount* then went on to say at page 5:

"The use or non-use of seat belts, and expert testimony, if any, in relation thereto, is a circumstance which the trier of facts may consider, together with all other facts in evidence, in arriving at its conclusion as to whether the plaintiff has exercised due care, not only to avoid injury to himself, but to mitigate any injury he would likely sustain. However, this element should be limited to the damage issue of the case and should not be considered by the trier of facts in determining the liability issue. Whether a a person has or has not availed himself of the use of seat belts would have no relevancy in determining the cause of an accident."

There was a jury instruction on seat belts in *Mount,* but the court's opinion rested on a different point and only briefly mentioned the seat belt instruction.

In *Schomer v. Madigan, supra,* the plaintiff was appealing from a judgment in her behalf and seeking a new trial on the issue of damages only. Plaintiff had been a passenger involved in a two-car accident. She sued the driver of the other car. There was evidence that the car in which plaintiff was riding was equipped with seat belts. However, there was no evidence in the record as to whether plaintiff was or was not wearing a seat belt at the time of the accident. The trial court instructed the jury that they could consider whether plaintiff did or did not wear a seat belt and the extent to which such fact had on the extent of her injuries. On appeal this court reversed, holding that the instruction was erroneous only because there was no evidence whatsoever on whether plaintiff did or did not wear a seat belt, and any jury finding in that regard would be pure speculation. The court speaking of the *Mount* case, *supra,* said at page 109:

"When the decision in that case is honed down to its precise point, it holds only that the evidence that the plaintiff's car was not equipped with seat belts was admissible in evidence and could be considered by the jury on the question of damages only and that it was error to grant a new trial on the theory that such evidence should not have been admitted. The court was there considering a plaintiff-owner-driver and his duty as to seat belts."

The court in *Schomer* concluded its discussion of *Mount* by indicating its agreement with the reasoning in *Mount* as to why the seat belt question should be limited to the question of damages and not liability; namely, that the existence or non-existence, use or non-use of seat belts had no relevancy in determining the cause of accident and related themselves only to the damaging consequences of an accident.

In *Deaver v. Hickox* (1970), 121 Ill.App.2d 465, 256 N.E.2d 866, there was an intersection accident wherein defendant's car struck the car of plaintiffs' decedents (driver and passenger). This court reversed a judgment *n.o.v.* granted to plaintiffs in which the trial court found that plaintiffs were not contributorily negligent based on habit evidence as to decedent driver and the fact that decedent driver and decedent passenger were wearing seat belts. This court said the trial court erred in concluding that wearing seat belts was competent evidence of due care in the operation of automobiles and cited *Mount, supra,* to the effect that the use of seat belts was not to be considered on the issue of liability. The court in *Deaver* noted that liability and contributory negligence were equivalent issues in the *Deaver* case.

Finally, in *Hale v. Cravens* (1970), 129 Ill.App.2d 466, 263 N.E.2d 593, this court held the evidentiary situation at trial did not warrant the seat belt instructions given, and further that Ill. Rev. Stat. 1965, ch. 95½, par. 217.1 (b), requiring two front seat belts in all 1961 and later cars, imposed a duty on the auto operator only and not the passenger.

The defendant in her attempt to support the giving of Instruction 31 argues that in fact that instruction is in keeping with the directions of the *Mount* case, *supra.* She points to the language in the *Mount* case wherein the court said at page 3:

> "The use or non-use of seat belts and expert testimony, if any in relation thereto, is a circumstance which the trier of facts may consider together with all other facts in evidence in arriving at its conclusion as to whether the plaintiff has exercised due care, not only to avoid but to mitigate any injury he would likely sustain. *However, this element should be limited to the damage issue of the case and should not be considered by the trier of facts in determining the liability issue. Whether a person has or has not availed himself of the use of seat belts would have no relevancy in determining the cause of the accident.*" (Emphasis added.)

Defendant, in her brief, then poses a rhetorical question asking how a court, attempting to interpret the *Mount* language, determines whether a plaintiff has "exercised due care not only to avoid but to mitigate any injury" and then limit that determination to the question of "damages" and "not liability" *or* "cause of the accident." Defendant reasons that where there is a duty to use care to avoid or mitigate injury, a breach of that duty may proximately cause not the accident but the injury. Thus, defendant concludes, in answer to her question, that the only way to follow the holding in the *Mount* case is to refrain from referring to "cause of the accident" and to give jury instructions that are related to such

stated elements as duty to use seat belts, breach by failure to use and proximately causing injury by failing to avoid or mitigate injury. We do not agree with the defendant's conclusions.

Initially we must note that upon close reading of the *Mount* opinion we would agree with the court in *Schomer, supra,* that the precise holding in *Mount* was only that the evidence that plaintiff's car was not equipped with seat belts was admissible in evidence and could be considered by the jury on the question of damages only and that it was error to grant a new trial on the theory that such evidence should not have been admitted. We think the further pronouncements in *Mount* on the question of duty to use seat belts, etc., were *dicta.*

■■ We think that the giving of Instruction 31 to the jury was error. Instruction 31 told the jury to consider the plaintiff's failure or non-failure to wear seat belts in determining the "proximate cause of her injury." We think by the use of such language, the trial court was intentionally or unintentionally equating plaintiff's failure to wear seat belts with contributory negligence. We think it inevitable that the jury would therefore erroneously consider the question of seat belts on the liability issue. Their return of a special interrogatory finding the plaintiff guilty of contributory negligence indicates they did just that.

Plaintiff's third argument on this issue is that the giving of Instructions 30, 31 and 32 was error because they unduly emphasized the seat belt issue and were repetitious. We will not discuss this issue at length, since we think our previous discussion of Instruction 31 is dispositive of this appeal. However, since we are remanding for a new trial, we would note that we think the three instructions given in the trial court were unduly emphatic of the seat belt question. Given the present status of the law on seat belts in Illinois, we think one instruction would adequately convey that law to the jury.

Finally, we wish to comment on one other matter raised on appeal. The plaintiff makes the argument that the hypothetical question posed by defendant to her expert witness was improper. This was so, plaintiff argues, because among other things, the question contained numerous irrelevant facts. The basic purpose of the question was to inquire of the witness his opinion, based on hypothetical facts similar to those in this case, what effect the plaintiff's wearing seat belts would have had. However, the question as asked included references to the defendant's widowed status, the convenience to the plaintiff conferred by defendant's giving her a ride, the payments made by plaintiff to defendant for the ride, etc.

We do not now decide whether such inclusions in the hypothetical as noted above constitute reversible error. We do think that should the

occasion for posing the hypothetical arise upon retrial, that the trial judge should insure the elimination not only of the references we have mentioned but whatever else he deems irrelevant to the efficacy of the question.

Judgment reversed and remanded.

DEMPSEY and McNAMARA, JJ., concur.