PAULINE BLITZ, Plaintiff-Appellee, *v.* CHECKER TAXI COMPANY, INC., Defendant-Appellant.

(No. 55232; )

First District—October 31, 1972.

George Kaye, of Chicago, (Jesmer & Harris, of counsel,) for appellant.

John J. Nelligan, of Baskin, Server, Miner & Berke, of Chicago, (Joseph B. Lederleitner, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from an action for personal injuries incurred by plaintiff as a result of falling from the seat of defendant's taxi-cab. After a bench trial the court found in favor of plaintiff on the issue of liability and assessed damages at $22,000. Defendant's alternative post-trial motions for judgment notwithstanding the finding and for a new trial were denied, and this appeal followed.

Defendant's sole contention on appeal is that plaintiff failed as a matter of law to satisfy her burden of proving freedom from contributory negligence. Specifically, it is contended that plaintiff's failure to utilize an available seat belt constituted contributory negligence as a matter of law. This contention requires a brief review of the evidence pertinent to the issue of contributory negligence.

Plaintiff, Pauline Blitz, testified on her own behalf as follows: On July 18, 1966, plaintiff was 77 years old. At 4:50 P.M. on that date, after shopping in the Loop area of Chicago, she hailed a cab near Michigan Avenue and Washington. A Checker cab stopped three feet from the curb. Plaintiff opened the rear door, entered the cab and gave her destination as Michael Reese Hospital, where her husband was a patient. As she entered the cab, plaintiff saw neither seat belts nor signs referring to the presence of seat belts. The driver made no mention of the presence of seat belts. As the cab neared the hospital, it suddenly made a sharp turn and a quick stop. As a result plaintiff was thrown to the floor and sustained a fractured hip. The driver continued on to the hospital and secured medical attention for plaintiff.

Hershel Williams, the driver of the cab, testified as follows: In July, 1966, he accepted plaintiff as a passenger in his Checker cab. He picked her up at Michigan Avenue, just south of Washington. After pulling up to the curb, he emerged from the cab and assisted plaintiff in entering the rear door. Plaintiff sat on the front edge of the seat. The driver requested that plaintiff use the available seat belt and even offered to assist in fastening the belt. Plaintiff declined the offer and stated that she didn't need the seat belt. There was a sign on the back of the front seat, facing the back seat, which requested passengers to fasten their seat belts. In the course of the trip to Michael Reese Hospital the driver was required to make a number of turns and stops. After making one turn at a prudent speed, he heard plaintiff scream and saw her on the floor in obvious pain. He proceeded quickly to the emergency entrance for Michael Reese Hospital.

During the driver's testimony defendant's Exhibit No. 10 was admitted into evidence. It was a replica of the sign fastened to the back of the front seat of the cab, and it read as follows:

"PLEASE FASTEN SEAT BELTS
They have been installed for your safety
and protection"

Also admitted into evidence were defendant's Exhibits No. 1 through No. 9, photographs of the interior of the subject cab which portrayed the presence of seat belts in the rear seat. The only other pertinent testimony was that of plaintiff's physician, who documented plaintiff's alleged injuries, but also impeached plaintiff's assertions of prior excellent health, and that of defendant's private investigator, who impeached plaintiff's description of the route taken by the cab.

*OPINION*

Defendant's contention on appeal requires that we pass upon the merits of the so-called "seat belt defense," a concept which has received widely varying responses in treatises and in the courts of other states. (See *Annot.* 15 A.L.R.3d 1428 (1967).) The cases and commentators have suggested four possible approaches to that defense: (1) That a knowing failure to wear available seat belts constitutes contributory negligence as a matter of law; (2) That whether a knowing failure to wear available seat belts constitutes contributory negligence is a question of fact to be determined by the trier of fact under the facts and circumstances of the particular case; (3) That, with very limited exceptions, a knowing failure to wear available seat belts cannot constitute contributory negligence, but may be considered by the trier of fact on the issue of mitigation of damages; (4) That, with very limited exceptions, a knowing

failure to wear available seat belts cannot constitute contributory negligence nor serve as a basis for mitigation of damages.

A number of recent Illinois cases have commented on the "seat belt defense." In *Mount v. McClellan,* 91 Ill.App.2d 1, 234 N.E.2d 329, the Second District Appellate Court held that the trial court had properly admitted evidence of plaintiff's failure to install seat belts in his car. Its position was stated as follows: (91 Ill.App.2d at 5)

> "The use, or nonuse of seat belts, and expert testimony, if any, in relation thereto, is a circumstance which the trier of facts may consider, together with all other facts in evidence, in arriving at its conclusion as to whether the plaintiff has exercised due care, not only to avoid injury to himself, but to mitigate any injury he would likely sustain. However, this element should be limited to the damage issue of the case and should not be considered by the trier of facts in determining the liability issue. Whether a person has or has not availed himself of the use of seat belts would have no relevancy in determining the cause of an accident.
>
> It is to be noted that we do not consider the weight to be given such evidence, but merely that it is admissible on the question of the plaintiff's due care to avoid injury. The jury may give great or small weight to it, but in our judgment they are entitled to consider the matter. \* \* \*."

By this language we believe that the court specifically held that the "seat belt defense" could be established on the issue of mitigation of damages and, by *dicta,* suggested that it could not be established on the issue of contributory negligence.

In *Deaver v. Hickox,* 121 Ill.App.2d 465, 256 N.E.2d 866, the Fourth District Court of Appeals reversed a judgment *n.o.v.* for defendant, holding that there was insufficient evidence favoring defendant to satisfy the standards for judgment *n.o.v.'s* established by *Pedrick v. Peoria & Eastern R.R. Co.,* 37 Ill.2d 494, 229 N.E.2d 504. Essential to this decision was the Appellate Court's conclusion that the trial court had erroneously considered plaintiff's failure to wear a seat belt as a factor bearing on the issue of due care.

In *Schomer v. Madigan,* 120 Ill.App.2d 107, 255 N.E.2d 620, the Fourth District Appellate Court held that the trial court had erred in giving a seat belt instruction which was without support in the evidence. The court explicitly refused to decide whether there exists a duty for an automobile passenger to wear an available seat belt, but did indicate its agreement with the *Mount* language that the installation or use of the seat belts had no bearing on the "cause of the accident."

In *Hole v. Cravens,* 129 Ill.App.2d 466, 263 N.E.2d 593, the Fourth

District Appellate Court, after reversing a judgment for the defendant and remanding for a determination of damages, advised that upon remand the trial court should not repeat that instruction which had allowed the jury to consider, on the issue of both due care and mitigation of damages, whether or not the plaintiffs had violated the Illinois seat belt installation statute.* The court stated that neither the existence nor the use of seat belts was a proper consideration on the issue of liability and that no evidence had been adduced to support that instruction on the issue of mitigation of damages.

In *Josel v. Rossi,* 7 Ill.App.3d 1091, 288 N.E.2d 677, the First District Appellate Court closely analyzed the prior Illinois cases in determining that it was error to give the following instruction:

"Instruction # 31:

The jury is instructed that, in the event you find that the plaintiff did not use a seat belt, if one was available, you may consider this fact, along with all the other facts and circumstances in evidence, in your determination as to the proximate cause of the injury sustained by the plaintiff."

The court held that such instruction obligated the jury to "erroneously consider the question of seat belts on the liability issue." *supra,* 1098.

■■ The Illinois cases cited above establish that whether there exists a duty to wear available seat belts is an issue of law and not of fact. See also: *Miller v. Miller,* 273 N.C. 228, 160 S.E.2d 65, 71. *Contra: Mays v. Dealers Transit, Inc.* (7th cir.) 441 F.2d 1344; *Truman v. Vargas,* 80 Cal. Rptr. 373.

The cases of *Deaver v. Hickox,* 121 Ill.App.2d 465, 256 N.E.2d 866, and *Josel v. Rossi,* 7 Ill.App.3d 1091, 288 N.E.2d 677, have specifically rejected the "seat belt defense" with regard to the issue of contributory negligence, and the other Illinois cases contain *dicta* suggesting their concurrence. Courts in a number of other jurisdictions have similarly held that the knowing failure to use available seat belts cannot alone constitute contributory negligence, and have accordingly denied defendants the opportunity to submit evidence or instructions relative thereto. *Miller v. Miller,* 273 N.C. 228, 160 S.E.2d 65; *Robinson v. Lewis,* 254 Ore. 52, 457 P.2d 483; *Miller v. Haynes* (1967), (Mo.) 454 S.W.2d 293; *Annot.* 15 A.L.R.3d 1428.

■■■ We hold that, as a matter of law, plaintiff's failure to fasten her

---

* Ill. Rev. Stat. 1965, ch. 95½, par. 217.1(b):

"After March 1, 1966, no person shall operate any 1961 or later model motor vehicle of the first division unless the front seat of such motor vehicle is equipped with 2 sets of seat safety belts for the front seat."

seat belt did not constitute contributory negligence. We decline to decide whether that failure was a proper matter of inquiry on the issue of mitigation of damages. Defendant introduced no evidence on the issue of mitigation of damages and failed to raise it in its post-trial motion. See *Heiser v. Chastain*, 6 Ill.App.3d 552, 556, 285 N.E.2d 601.

Judgment affirmed.

SCHWARTZ and LEIGHTON, JJ., concur.