MICHAEL M. YOCCO, Plaintiff-Appellee, *v.* GEORGIA BARRIS, Defendant-Appellant.

(No. 57606; )

First District (5th Division)—November 30, 1973.

114

Kralovec, Sweeney, Marquard & Doyle, of Chicago (George E. Sweeney and Edward V. Scoby, of counsel), for appellant.

Robert J. Cooney, of Cooney and Stenn, of Chicago, for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

Plaintiff sued on a negligence theory for damages resulting from a collision that occurred when plaintiff was a passenger in his own automobile, giving defendant behind-the-wheel driving instruction. The evidence at trial showed, *inter alia*, that plaintiff's car was equipped with seat belts, but that plaintiff did not have his belt fastened at the time. As a result of a collision of the automobile with a tree, plaintiff was hurled forward into the windshield.

Trial by jury resulted in a general verdict in favor of plaintiff, but the jury also answered "yes" to the following special interrogatory given on the issue of contributory negligence:

"Was the plaintiff guilty of contributory negligence which proximately contributed to cause the injuries complained of?"

Plaintiff moved for entry of judgment in accordance with general verdict; defendant moved for judgment in accordance with the jury's answer to the special interrogatory. The trial judge allowed both these

motions. Subsequently, the trial judge allowed plaintiff's motion for a new trial, from which ruling we granted defendant's Petition for Leave to Appeal.

Defendant contends that the granting of a new trial was error and that judgment for her should be entered. She bases this contention on section 65 of the Civil Practice Act, which provides in part that "When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly." Ill. Rev. Stat. 1971, ch. 110, par. 65.

■■ The Illinois Supreme Court has clearly indicated that the permissive language of section 65 grants the trial judge the discretion to enter judgment on the special finding of the jury or not to do so. (*Borries v. Z. Frank, Inc.* (1967), 37 Ill.2d 263, 226 N.E.2d 16.) Here, we are called upon to decide whether the trial judge abused his discretion in not entering judgment on the special finding of the jury, and in ordering a new trial instead. In considering this question, we adhere to the well-established rule that "a motion for a new trial is addressed to the discretion of the trial judge and his judgment thereon will not be reversed except for a clear abuse of such discretion, which must affirmatively appear in the record." *Potter v. Ace Auto Parts & Wreckers, Inc.* (1964), 49 Ill.App.2d 354, 356, 199 N.E.2d 618.

While the trial judge did not indicate his reason for granting a new trial, the initial indication from the record that he might have considered a new trial to be the proper solution, is the inconsistency between the general verdict and the special finding of the jury. In *Freeman v. Chicago Transit Authority* (1965), 33 Ill.2d 103, 210 N.E.2d 191, the Illinois Supreme Court affirmed the granting of a new trial when inconsistent verdicts were returned and the inconsistency was a result of the jury's misunderstanding of the issues or their disregard for the court's instructions. Subsequently, in *Borries,* the court approved the holding in *Freeman* and added that the jury confusion manifested by the inconsistent special finding and general verdict does not automatically necessitate a new trial. Otherwise, the discretion granted to the trial judge to render judgment in accordance with the special finding would be a nullity. So more evidence than the inconsistent verdicts themselves must appear in the record to support a finding of jury confusion and the granting of a new trial.

■■ Although the jurisdictions are in conflict, in Illinois it has been established that the fact of a plaintiff's failure to wear a seat belt is not to be considered on the question of contributory negligence or liability. Rather, that fact is to be considered only on the question of whether the failure can be shown to have increased the injuries, thereby affecting the

damages to be awarded. (*Josel v. Rossi* (1972), 7 Ill.App.3d 1091, 288 N.E.2d 677.) The record before us indicates that the jury might well have been confused by this rather subtle distinction, which has been the subject of several appellate court opinions of recent years. See, *e.g.*, *Mount v. McClellan* (1968), 91 Ill.App.2d 1, 234 N.E.2d 329; *Schomer v. Madigan* (1970), 120 Ill.App.2d 107, 255 N.E.2d 620; *Deaver v. Hickox* (1970), 121 Ill.App.2d 465, 256 N.E.2d 866.

The court gave to the jury defendant's tendered instruction number 11A, which read:

> ".Whether or not the plaintiff was using a seat belt at the time of the occurrence may be considered by you together with all the other facts in evidence in determining whether or not he was exercising *due care to mitigate any injury to himself.*" (Emphasis added.)

It seems probable that the jury considered "due care to mitigate any injury to himself" to be the opposite of contributory negligence. This is especially likely in the context of defense counsel's closing argument, in which he stated that contributory negligence refers to "the kind of care you have for your own safety," and that it is "negligence on the part of the plaintiff that in any way contributed to cause the injuries that he complains of." Since the jurors were told that the failure to use a seat belt was evidence of lack of due care, and it was admitted that the plaintiff did not use his seat belt, it is reasonable to conclude that the jury might have erroneously felt compelled to find contributory negligence.

The second part of the instruction does not go very far toward clarifying the confusion between contributory negligence and mitigation of damages created by the first part of the instruction. It reads:

> "Whether the plaintiff has or has not availed himself of the use of seat belts has no relevancy in determining *the cause of the accident,* however, and should not be considered by you in determining that issue." (Emphasis added.)

This sentence mentions neither due care, no contributory negligence, nor mitigation of damages. Rather, it refers to the "cause of the accident." A reasonable jury could have considered this instruction irrelevant on the issues of both mitigation of damages and contributory negligence.

The issues could have been even more confused by defendant's instruction number 12, which reads:

> "In fixing the amount of money which will reasonably and fairly compensate the Plaintiff, you are to consider that an injured person must exercise *ordinary care to avoid injury to himself,* and that damages resulting from a failure to exercise such care cannot be recovered." (Emphasis added.)

This instruction is a modification of Illinois Pattern Instruction, Civil, 33.01, which the I.P.I. note indicates should be given only when there is evidence creating an issue of fact as to the plaintiff's negligence in securing medical attention and the damages resulting from this failure are separable from the plaintiff's other injuries. (I.P.I.2d, Civil, 33.01, Notes on Use.) There is no evidence to this effect in the instant appeal. Defendant's attempt to modify this instruction to make it applicable to the instant case was ill-advised and unsuccessful, as it appears, in the form given, to be an instruction on contributory negligence which very probably misled the jury by its reference to "ordinary care."

Although the giving of this instruction might in itself be sufficient to support a finding of jury confusion, defense counsel's closing argument to the jury convinces us that confusion was more than likely. The following excerpts from the argument indicate how counsel easily might have led the jury to consider the issues of contributory negligence and mitigation of damages as a single question whose answer was to be determined in part by whether plaintiff did or did not wear a seat belt:

> "The purpose of a seat belt is to *prevent* the same kind of injuries that were sustained in this accident. Was the seat belt on, no. Is that *the care that's required for your own safety,* when you don't even bother to attach a seat belt and now you come and complain of it and ask that she be held responsible for it; when the *responsibility is the plaintiff's own.* [Emphasis added.]
>
> * * *
>
> I think that the Court is going to tell you that whether or not the plaintiff was using seat belts at the time of the occurrence should be considered by you in relation to all of the evidence bearing on the issue of whether the plaintiff was *exercising due care to mitigate any injuries* that he sustained. Think about it. *Would this injury have ever occurred,* would they have occurred if Mr. Yocco had used the simplest measure to protect his own safety." (Emphasis added.)

■■ The record generously supports the trial judge's decision to order a new trial because of errors in the giving of instructions and prejudicial argument to the jury by defense counsel. The order appealed from is therefore affirmed.

Affirmed.

DRUCKER, P. J., and SULLIVAN, J., concur.