VIRGINIA M. ATZ, Plaintiff-Appellee, *v.* SOL GOSS *et al.,* Defendants-Appellants.

(No. 57917;

First District (1st Division)—August 5, 1974.

William Parker Ward, of Chicago, for appellant Sol Goss.

Leo J. Spivack and Norman E. Goldman, both of Chicago, for appellant Jay B. Jans.

A. T. Walsh and John R. Fielding, both of Chicago, for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

This is a personal injury action brought by the plaintiff, a passenger in defendant Jay B. Jans' automobile, against both Jans and defendant Sol Goss, the driver of the automobile which collided with Jans' car. A jury verdict of $20,000 was rendered against both defendants. Both defendants appeal.

Defendant Jans contends that the court erred in refusing to grant his motions for a directed verdict or judgment notwithstanding the verdict (*n.o.v.*) and that the verdict as to him is against the manifest weight of the evidence. Defendant Goss contends that the court erred in allowing the plaintiff's attorney to argue the amount of damages for the first time in closing argument, in refusing his instruction on the plaintiff's

burden of proof and in giving her instruction, and in allowing plaintiff's medical expert to testify before cross-examination of plaintiff.

On June 19, 1965, at about 5:30 P.M., defendant Jans was driving southbound on Kenton Avenue, a residential street in Lincolnwood, Illinois. Defendant Goss was driving eastbound on Arthur Avenue, also a residential street. The cars collided in the intersection of the two streets. The weather was clear and sunny. Jans had picked up the plaintiff, who was his date, earlier in the day. The plaintiff was sitting partly on the console between the two front bucket seats of Jans' car and partly on the front passenger bucket seat. Another person was seated to plaintiff's right in the passenger's front bucket seat. On the northwest corner of the intersection was a hedge which prevented a clear view of cross-traffic by either driver.

■■ We will examine defendant Jans' arguments first. His initial contention is that he should have been given a directed verdict as to liability after the plaintiff's case or judgment *n.o.v.* Applying the Illinois standard for reviewing a directed verdict or judgment *n.o.v.*, we must determine whether all of the evidence viewed in its aspects most favorable to the plaintiff so overwhelmingly favors defendant Jans that no contrary verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504.) The plaintiff was a guest in Jans' car. The Illinois statute applicable to guests at the time of the accident requires proof of wilful and wanton conduct on the part of the host driver before recovery is possible for the guest. (Ill. Rev. Stat. 1965, ch. 95½, par. 9—201.) The evidence necessary to support a verdict of wilful and wanton conduct must be such as shows the injury was intentional or the act was committed under circumstances exhibiting a reckless disregard for the safety of others. *Schneiderman v. Interstate Transit Lines, Inc.*, 394 Ill. 569, 69 N.E.2d 293.

Defendant Jans testified that he looked to the west when he was about 100 feet from the intersection. He could see through the hedge at the end of the street, although only to a limited extent. He saw no cars on Arthur approaching the intersection with Kenton. The same was true when he looked west a second time at a point about 30 feet north of the intersection. His view at that time was also impeded by the hedge on the northwest corner of the intersection. As he entered the intersection he looked west for the third time and saw no approaching vehicles. He stated that the sun was then at treetop level and hindered his vision of Arthur Avenue to the west. He also stated however that he could see one-half block west on Arthur in spite of the sun. He testified that he was just past the center line of Arthur when he first saw Goss' car, which was about two car lengths away, and the collision occurred 1½ seconds

later. His car was struck in the right rear. Damage to Jans' car was in the area of the right rear wheel and towards the rear of the car.

Defendant Goss testified that he could not definitely set a speed of Jans' car, that the speed was between 20 and 50 miles per hour. He could not say which car entered the intersection first. Goss said that he slowed down when he first saw Jans' car. Both the plaintiff and defendant Jans testified that Jans' car was going 20 miles per hour, the posted speed limit, or slower, and that his car entered the intersection first.

■■ The issue of wilful and wanton conduct depends on the facts in the case. (*Ficht v. Niedert Motor Service, Inc.*, 34 Ill.App.2d 360, 181 N.E.2d 386.) In that case the speed of the host driver was an issue. As in the instant case, however, the defendant's speed was but one circumstance to be considered in determining whether the driver's conduct was wilful and wanton. The cases cited by the plaintiff are not compelling. We find that the issue as to Jans' alleged wilful and wanton conduct should have been taken from the jury. Having reached this conclusion, we need not discuss defendant Jans' second argument, that the verdict was against the manifest weight of the evidence.

■■ We now turn to the contentions of defendant Goss, who was found by the jury to be negligent. He was not charged with wilful and wanton conduct. His first argument is that it was error for the court to allow plaintiff's attorney to mention a specific award of monetary damages for the first time in closing argument. The extent and content of counsels' arguments to the jury are generally left to the trial court's discretion. Unless there is a clear abuse of that discretion so that the defendant is prejudiced, the reviewing court will not disturb the trial court's determination. (*Galluccio v. Hertz Corp.*, 1 Ill.App.3d 272, 274 N.E.2d 178.) The defendant's argument that it was possible that the mention of damages prejudiced him ("what if" the argument had not been made?) is irrelevant. It is up to the defendant to demonstrate prejudice. The fact that the damages sought and mentioned in closing argument were $100,000, while the jury returned a verdict of $20,000, tends to refute the defendant's speculation that he was prejudiced.

■■ Defendant Goss' next argument is that the court erred in giving the plaintiff's instruction on her burden to prove her absence from contributory negligence and in refusing to give his instruction. The plaintiff's instruction did not set out any obligation on her part to prove her absence from contributory negligence, while the defendant's did. It is settled in Illinois that where there is no testimony or other evidence as to the plaintiff's contributory negligence, no instruction on that issue should be given to the jury. (*Smith v. Bishop*, 32 Ill.2d 380, 205 N.E.2d 461.) Defendant Goss points to the facts that the plaintiff's position partly

on the console and partly on the front passenger bucket seat was precarious and that she was not wearing a seat belt as evidence of contributory negligence. But, as the plaintiff points out, the defendant failed to show that these facts contributed either to the occurrence or to the plaintiff's injuries. In any event evidence as to the use of a seat belt would not be relevant to the liability issue, but would go to the issue of damages. (*Mount v. McClellan,* 91 Ill.App.2d 1, 234 N.E.2d 329.) We find no error in the granting of the challenged instruction.

■■ The third argument raised by defendant Goss is that the court erred in allowing the plaintiff's medical expert to testify before cross-examination of the plaintiff. In support of this contention the defendant cites the case of *Carlson v. New York Life Insurance Co.,* 76 Ill.App.2d 187, 222 N.E.2d 363. That case sets out the general rule that a trial judge has discretion to permit evidence to be presented out of order. The court there determined however that it was an abuse of discretion for the trial judge to allow the plaintiff to leave the stand so that a medical expert could testify:

> "The defendant also contends that the trial court erred in permitting the plaintiff to be withdrawn from the stand so that plaintiff's expert medical witness could testify and return to Michigan. The trial judge has discretion to permit evidence to be presented out of order. But here the defendant was definitely injured by this course of action. The expert placed on the stand gave his opinion based upon a number of hypothetical facts, which it was presumed would be testified to by the plaintiff. The defendant had been given no opportunity to cross-examine the plaintiff and was thereby restricted in presenting to the expert medical witness alternate assumed facts based upon plaintiff's testimony. The result of taking these particular witnesses out of order, was to deprive the defendant of the full right of cross-examination of the expert witness. It constituted error." *Carlson v. New York Life Ins. Co.,* 76 Ill.App.2d 187, 202, 222 N.E.2d 363, 371.

It is obvious from the quoted passage that the trial court's abuse of discretion centered on the defendant's lack of opportunity to explore hypothetical situations with the medical expert. That is not the case before us. The medical expert in this case testified only as to the plaintiff's actual injuries. We find no abuse of discretion in the trial court's arrangement of the testimony.

For the reasons stated, the judgment as to defendant Goss is affirmed. The judgment as to defendant Jans is reversed and the cause remanded with directions to enter judgment notwithstanding the verdict in favor of Jans and against plaintiff.

Judgment affirmed in part and reversed in part and cause remanded in part with directions.

EGAN, P. J., and GOLDBERG, J., concur.