GEAN HARRIS *et al.*, Plaintiffs-Appellants, *v.* CITY OF GRANITE CITY, Defendant-Appellee.

Fifth District   No. 76-398

Opinion filed July 6, 1977.

Nick D. Vasileff, of Madison, for appellants.

Irvin Slate, Jr., of Granite City, for appellee.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

This case comes to us on appeal from a judgment entered on a jury verdict in the Circuit Court of Madison County denying damages to the plaintiffs in their negligence action against the defendant. The appellants argue that the jury verdict was against the manifest weight of the evidence; the exclusion of certain testimony and an exhibit was reversible error; and the giving of instructions on contributory negligence was improper.

The plaintiffs, Gean and Faith Harris and Donald and Betty Reynolds, were neighbors residing on Palmer Street in Granite City in August 1971 when the city hired an independent contractor to install a new sewer and street and lay a new sidewalk. The construction went on for a few months, and, when completed, the new sidewalk was from 6 to 12 inches higher than the old one. While prior to the construction, the front yard immediately adjacent to the pavement was level with the new sidewalk, it was now 6 to 12 inches lower.

During the construction period, plaintiffs Harris experienced an

increase in the amount of water that would accumulate in their basement after a rainfall. While approximately one-half inch of water would occasionally cover a five-foot area of the basement before the new sidewalk was put in, half of the basement would be covered by three-quarters of an inch of water every time it rained.

Before construction was completed early· in November of 1971, plaintiffs Harris filled in their front yard with 100 loads of dirt to make the ground level with the sidewalk and to alleviate the drainage problem. However, water accumulation persisted in the Harris home and the plaintiffs Reynolds experienced like problems. Also, the Reynolds' basement walls cracked and bulged inward.

Plaintiffs filed suit against the city of Granite City alleging that negligence in the installation of the street and sidewalk was the cause of their drainage problems. The jury ruled for the defendants, and it is from a judgment entered on this verdict that plaintiffs appeal.

■■ The plaintiffs' first point on appeal, that the jury verdict was unreasonable, arbitrary and not supported by the weight of the evidence, is without merit. For a court to overturn a jury verdict, either in a judgment *n.o.v.* or in an appellate review, the applicable standard is whether the verdict is against the manifest weight of the evidence. To be against the manifest weight of the evidence, it must appear that when taking all the evidence in a light most favorable to the opponents, the conclusions reached by the jury are palpably erroneous and wholly unwarranted. *Stringer v. McHugh*, 31 Ill. App. 3d 720, 344 N.E.2d 311; *Bouillon v. Harry Gill Co.*, 15 Ill. App. 3d 45, 301 N.E.2d 627; *Rhodes v. Oliva*, 13 Ill. App. 3d 849, 301 N.E.2d 67.

Applying this standard, it is clear that there was sufficient evidence for the jury to find for the defendant. There was expert testimony that the street and sidewalk construction did not alter the basic flow pattern of water at all, that the water table in Granite City has risen since.1968, and that this rise could cause a basement constructed of concrete block to suffer greater penetration by ground water.

The jury might also have determined from the evidence that the Harris' action in filling in their front yard without any expert advice only aggravated existing drainage problems to their own property and to that of the Reynolds. Because the Harrises started to fill in the yard before the sidewalk was completed, it was possible that the jury could not attribute the increased water to either the construction or the yard fill. Therefore, the necessary causal link between the city's action and the plaintiffs' problem was not sufficiently established.

Mr. Harris' credibility was impeached when the defendant elicited statements at trial that were inconsistent with those given during depositions. The jury might also have found insufficient evidence of

damages, because there was expert testimony that Harris' dirt fill was of no benefit to him. While claiming that their damages included the cost of having to raise their foundation to the height of two concrete blocks and placing the necessary fill in their yard, the Reynolds failed to show that such an action was necessary or would alleviate their drainage problems.

In light of this evidence and generally conflicting testimony, the jury had ample evidence to support its ruling against the plaintiffs and for the defendant.

The plaintiffs argue that the exclusion of the testimony of a witness who prepared an estimate of the cost of raising the Reynolds home was reversible error. The witness, Mr. Howard, was not permitted to give his opinion as to why the walls in the basement of the Reynolds home leaned and bulged. The exclusion of his opinion was made because the court found him not to be properly qualified as an expert.

The qualification of a witness to testify as an expert is within the sound discretion of the court and is relative to the particular circumstances of the case. Testimony will not be accepted as expert unless the witness exhibits a particular knowledge or expertise beyond that of the average layman. *Murphy v. Hook*, 21 Ill. App. 3d 1006, 316 N.E.2d 146; *Lareau v. Dennis*, 7 Ill. App. 3d 16, 286 N.E.2d 499; *Hagerman v. National Food Stores, Inc.*, 5 Ill. App. 3d 439, 282 N.E.2d 321; 4 Callaghan's Illinois Evidence, sec. 7.64 (1964).

A witness is not qualified as an expert merely because he is employed in a certain capacity or is engaged in a particular occupation. Mere observation of certain conditions is not enough unless it appears that he has had some experience, or made some study of the type of problem involved, which enables him to form a reliable opinion. *Hagerman v. National Food Stores, Inc.*; 4 Callaghan's Illinois Evidence, sec. 7.64 (1964).

In the case at bar, the witness had been a carpenter for 15 years, doing mostly remodeling work. He had had some experience laying concrete blocks, and had observed the damage that water may do to concrete blocks. Mr. Howard, however, had no experience or expertise in determining the cause of foundation walls to bulge. He had no particular educational background in the area, nor did he make any independent study of the subject. The trial judge, therefore, did not abuse his discretion in refusing to allow Mr. Howard to testify as an expert.

Plaintiffs likewise contend that the exclusion of Mr. Howard's cost estimate exhibit was error. Here again, the trial judge has wide discretion in admitting or refusing evidence that is unreliable. (4 Callaghan's Illinois Evidence, sec. 5.01 (1964).) While this is not hearsay, as the defendant claims, because the statement was made by the witness

who was in court and whose veracity could therefore be tested (*People v. Ramos*, 112 Ill. App. 2d 330, 250 N.E.2d 822; 5 Callaghan's Illinois Evidence, sec. 10.01 (1964)), the trial judge still did not abuse his discretion in excluding it because the estimate was found to be unreliable and even irrelevant. While suit was filed in November 1972, the cost estimate was not done until May 1975, an indication that it was a self-serving act ordered by the Reynolds in contemplation of the trial that began eight months later. Mr. Howard was not asked if raising the foundation to accommodate filling the yard with dirt was a proper or expedient method of dealing with the water problem; he was merely asked to estimate the cost of such a job. Therefore, his estimate was not an independent assessment of the cost of work necessary to rectify the damage; in fact the plaintiffs failed to establish that this action was necessary at all.

■■ Because this evidence went to the question of the extent of damages, and since the jury found no liability on the part of Granite City, the exclusion of the estimate, even if error, was harmless.

The plaintiffs' final point of appeal is that the giving of instructions on contributory negligence was reversible error because there was no issue of contributory negligence raised, nor was there any evidence in the record of such conduct to justify the instructions.

In Illinois, one of the requisites of a negligence action is for the plaintiff to allege and prove his freedom from contributory negligence. (*Schmidt v. Blackwell*, 15 Ill. App. 3d 190, 304 N.E.2d 113.) Where there is no evidence on the issue, no instruction on contributory negligence should be given. (*Atz v. Goss*, 21 Ill. App. 3d 878, 316 N.E.2d 29.) However, where there is evidence presented as to the plaintiff's exercise of due care for the safety of his property, or his lack thereof, it is proper to issue instructions of contributory negligence. *Schmidt v. Blackwell.*

■■ In the case before us, there was sufficient evidence introduced as to the plaintiff Harris' contributory negligence to warrant the instruction. Harris failed to consult anyone before filling in his yard, and there was testimony that the fill actually might have aggravated the existing drainage problems.

■■ The plaintiffs have made objections to the instructions setting forth the plaintiffs' burden of due care and defining contributory negligence. However, it appears from the record that the instruction dealing with the plaintiffs' duty was approved, but not given. Plaintiffs can hardly be heard to object to an instruction not given.

■■ The omission of the instruction was not prejudicial because other instructions served the same function. The plaintiffs' instructions regarding allegations and the defendant's denial thereof, and the burden of proof instruction, all cover plaintiffs' duty to exercise due care for their

own property. Also, the defendant's instruction on assessing damages also fills the gap left by the omission of the duty instruction.

In summary, we find that the decision of the jury was not against the manifest weight of the evidence; the opinion and estimate of the witness Howard were properly excluded; and there was no error in giving instructions on contributory negligence. The judgment of the Circuit Court of Madison County is therefore affirmed.

Affirmed.

EBERSPACHER and JONES, JJ., concur.